**Jane Henderson GRAY, Executrix of the Estate of James G. Lusk, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 76CV362–S.**

United States District Court, W. D. Missouri, S. D.

July 24, 1978.

---

3. *See* note 2 *supra.*

Rodney E. Loomer of Turner, Reid & Duncan, Springfield, Mo., for plaintiff.

Max H. Lauten, Tax Div., U.S. Dept. of Justice, Washington, D.C., Robert B. Schneider, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COLLINSON, District Judge.

This is an action to recover penalties and interest in the sum of $15,846.73 which defendant assessed and collected from the estate of James G. Lusk. This amount was collected because the estate tax return was not filed on time. The case pends on cross-motions for summary judgment.

Under the provisions of 26 U.S.C. § 6651(a)(1), the penalty [1] is mandatory unless the taxpayer shows that the failure to file on time was due to "reasonable cause and not due to willful neglect." The Treasury Regulations provide that the untimely

---

1. The penalty consists of 5% of the amount of estate tax for the first tardy month. The penalty increases 5% each month up to a maximum of 25%. 26 U.S.C. § 6651(a)(1).

filing will be excused when the taxpayer shows the exercise of "ordinary business care and prudence." 26 C.F.R. § 301.6651–1(c)(1). The issue in this case is whether an executrix meets these standards and the burden of proof thereby imposed by showing that she relied on an experienced attorney to prepare and file the estate tax return. On the facts of this particular case, the Court holds that the burden has been met and that estate is entitled to a refund.

Plaintiff's motion for summary judgment was filed June 27, 1977. Defendant filed a similar motion on July 21, 1977. On April 7, 1978, the Court directed the parties to file narrative statements of fact regarding the executrix's knowledge of the due date of the return. These filings were completed May 22, 1978. The record before the Court consists of the pleadings, motions, briefs, affidavits, plaintiff's deposition and the narrative factual statements. There are no genuine issues of material fact remaining in the case and summary judgment for plaintiff is appropriate as a matter of law.

James G. Lusk died July 27, 1973. Plaintiff was named executrix in Lusk's will. She had previously acted as administratrix for her aunt's estate in 1969 although this was a small estate and no estate tax return was required. In November, 1973, plaintiff, after consultation with her family, employed a Springfield, Missouri attorney, Leland C. Bussell, to handle the administration and probate of the Lusk estate. Bussell had been recommended to them and had been involved in probate and estate administration practice for over 20 years. Letters Testamentary were issued to plaintiff by the Probate Court of Greene County, Missouri in January, 1974.

Although Bussell informed plaintiff that an estate tax return had to be filed, he did not tell her when it was due. Plaintiff did not contact anybody else, such as the IRS, regarding the estate. She relied completely on Bussell to handle everything, including filing of the tax return. Plaintiff supplied Bussell with all information and documents he requested and checked with his office from time to time to see if anything further was needed.[2] At no time did plaintiff ever become aware of the due date for the estate tax return.

The return was due April 27, 1974, nine months after Lusk's death. Bussell thought that he had 15 months to get the return filed. The return was actually received by the IRS on October 30, 1974. Plaintiff paid the penalty and interest assessment and filed this action on October 18, 1976.

Plaintiff contends that reliance on the advice, diligence and competence of a presumably knowledgeable attorney constitutes "reasonable cause" and not "willful neglect" as a matter of law when the taxpayer is unfamiliar with the law and makes full disclosure to the attorney. Defendant argues that the actual filing of a return is a personal, nondelegable duty and that it is unreasonable as a matter of law to rely on a third party to do the filing. Defendant's position rests upon a distinction between reliance on an attorney for legal advice regarding whether a return must be filed and reliance on him to insure that a return is actually filed.

This distinction was ostensibly accepted in *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977). However, the Court views *Kroll* as inapplicable to this case because the facts relied upon by the Seventh Circuit to support the distinction are absent here. In *Kroll*, the executor retained an experienced attorney to handle the administration and

---

**2.** In its responsive narrative statement, defendant denies that plaintiff inquired of Bussell whether all filings were being made on time. However, such inquiries are set forth in the two affidavits submitted by plaintiff. Defendant cannot rest upon mere denials. Rule 56(e), Fed.R.Civ.P. For purposes of summary judg-

ment, this fact must be taken as true. In any event, the Court does not view the presence or absence of inquiry as to the due date of the return as "material." What is significant is the fact that plaintiff did not actually know the due date.

probate of his mother-in-law's estate. The attorney did not file the estate tax return within the time provided by law. The estate paid the assessed penalties and interest and brought a refund suit.

In reversing the trial court's decision in favor of the taxpayer, the Seventh Circuit emphasized the fact that Kroll knew that the return had not been timely filed yet took no affirmative steps to remedy the situation. He did not need to rely on the attorney to file the return because he knew that it was overdue.

> Insofar as any question of tax law, complicated or otherwise, might have been involved, there is little doubt that Kroll would have been entitled to entrust these problems to an attorney for resolution. The intricacies of the Internal Revenue Code with its sections, sub-sections, paragraphs and sub-paragraphs, cross-references, etc. often require the tax expertise of the most skilled, and on occasion, a soothsayer or attorney able to divine the ultimate result in some appellate court.

> \* \* \* \* \* \*

> It may be assumed that Kroll made full disclosure of the facts necessary for tax calculation and that he was not a tax expert, but disclosure and tax expertise are not in issue. The sole issue is Kroll's knowledge of the filing date and his failure to file on time.

United States v. Kroll, supra at 395.

When the estate's tax return was three months overdue, Kroll received a letter so stating from the IRS. He took the letter to his attorney and was informed that everything would be handled properly. This event was held to have put Kroll on notice that reliance on his attorney was no longer justified.

> Any layman with the barest modicum of business experience knows that there is a deadline for the filing of returns and knows that he must sign the return before it is filed. If, in addition, the taxpayer in a given case knows the exact date of the deadline, then the failure of his attorney or accountant to present him with the return for his signature before that date must put him on notice that reliance on the attorney or accountant is not an exercise of ordinary business care and prudence.

> \* \* \* \* \* \*

> Whether or not Kroll knew the date of the deadline (October 13, 1968) before it passed, he was apprised on January 9, 1969 that the deadline had passed three months previously. His reliance on Dill from this date onwards was not an exercise of ordinary business care and prudence.[2]

> [2] We need not decide whether Kroll's reliance was justified prior to this date. \* \* \*

United States v. Kroll, supra at 396.

The court's footnote demonstrates that the question presented in this case was not reached in Kroll. Here, it is admitted that plaintiff had no knowledge of when the return was due and did not know that it was overdue until the penalty was assessed. It was in view of the facts discussed above that the court in Kroll made the sweeping pronouncement upon which the government so heavily relies here:

> Thus, we hold that, when there is no question that a return must be filed, the taxpayer has a personal, nondelegable duty to file the tax return when due. Compare, Commissioner v. American Ass'n of Engineers Employment, Inc., supra, and Cedarburg Canning Co. v. Commissioner of Internal Revenue, 149 F.2d 526 (7th Cir. 1945), with Consolidated-Hammer Dry Plate & Film Co. v. Commissioner of Internal Revenue, 317 F.2d 829 (7th Cir. 1963). Cf. Rubber Research, Inc. v. Commissioner of Internal Revenue, 422 F.2d 1402 (8th Cir. 1970); Estate of Duttenhofer v. Commissioner of Internal Revenue, 410 F.2d 302 (6th Cir. 1969); and Coates v. Commissioner of Internal Revenue, 234 F.2d 459 (8th Cir. 1956).

United States v. Kroll, supra at 396–397.

The cited cases do not support the court's holding. In C. I. R. v. American Ass'n of Engineers Employment, Inc., 204 F.2d 19 (7th Cir. 1953), the court held that reliance on the advice of a knowledgeable attorney

as to whether or not an income tax return had to be filed constituted "reasonable cause" precluding assessment of a penalty. In *Cedarburg Canning Co. v. C. I. R., supra,* it was held that the taxpayer did not sustain its burden of proof on the issue of "reasonable cause." A penalty was imposed on a corporation for failure to file a personal holding company return despite the taxpayer's good faith belief that it was not a personal holding company. The case says nothing about reliance on an attorney. Comparing those two cases with *Consolidated-Hammer Dry Plate & Film Co. v. C. I. R., supra,* is meaningless because in the latter case, the court found the failure to file intentional and, thus, affirmed imposition of a penalty.

A comparison of the other three cited cases is similarly uninformative. In *Rubber Research, Inc. v. C. I. R., supra,* the Eighth Circuit held the evidence insufficient to sustain a "reliance on counsel" defense to imposition of the late filing penalty.

The taxpayer corporation had failed to file an income tax return because it was thought that the corporation owed no tax. The court held that this belief, even if held after advice from an attorney, could not constitute "reasonable cause" because the statutes and regulations required a return to be filed even though no tax was due. This holding, however, was premised on the insufficiency of the evidence.

> But even if we assume that legal advice under certain circumstances may be exculpatory, . . ., Research produced nothing informative as to the range or details of the advice it received or, specifically, as to whether it received advice as to its obligation to file a return for fiscal 1962.

*Rubber Research, Inc. C. I. R., supra* 422 F.2d at 1407. *Estate of Duttenhofer v. C. I. R., supra,* is a one-page per curiam opinion affirming, as not clearly erroneous, the Tax Court's finding that an estate's reliance on its attorney did not constitute "reasonable cause" in that case. *Coates v. C. I. R., supra,* is a similar case where the Eighth

Circuit held that the Tax Court's findings were not clearly erroneous.

The *Kroll* court stated that its view of a personal nondelegable duty to file tax returns was in accord with the Fifth and Ninth Circuits, citing *Logan Lumber Co. v. C. I. R.,* 365 F.2d 846 (5th Cir. 1966), and *Ferrando v. United States,* 245 F.2d 582 (9th Cir. 1957). *Logan Lumber* does contain dicta stating that the negligent failure of a lawyer or accountant to file a return does not constitute "reasonable cause" within the meaning of the statute. However, in that case the corporate officer responsible for the company's financial records testified that they were delivered to the accountant in plenty of time for the return to be timely filed. There was no evidence that the company relied on the accountant to file the return. Moreover, the corporate officer had signed a "Tentative Return" two days before the due date. This fact was held to constitute knowledge of when the return was actually due. Thus, the court's dicta on the "reasonable cause" issue is colored by findings of fact which it accepted. If the taxpayer knew when the return was due, it was unreasonable to assume that the accountant would get it filed on time. Similarly, *Ferrando* contains dicta stating that the duty to file a return is personal and nondelegable. However, the court in that case accepted findings that the taxpayer knew the due date of the return and that the taxpayer had made no attempts to determine whether the attorney was acting with diligence.

It can be seen that this Court believes that the statements in the *Kroll* opinion are much too broad. If the duty to file a return is personal and nondelegable, it is only when the taxpayer has actual knowledge of the date the return in question is due. The cases relied on by the *Kroll* court do not support its assertion on this issue. If there is any rule to be gleaned from a comparison of these cases, it is that "reasonable cause" must be determined from all the facts in each particular case.

The crucial fact in *Kroll, Logan Lumber* and *Ferrando* was that the taxpayer had actual knowledge of the due date of the tax return. With that knowledge, it was not

reasonable to completely rely on a third party to file the return on time. In that situation, the failure to timely file amounted to willful neglect within the meaning of the statute. However, when the taxpayer is uninformed as to the due date of the tax return, the rationale of these cases cannot apply because the absence of knowledge undermines the premise upon which the rationale is based.

The government's asserted distinction between the case where the taxpayer relies on a lawyer to advise as to whether a tax return is due and the case where the taxpayer relies on the lawyer to file the return on time has validity only when the taxpayer knows when the return is due. In both cases the taxpayer is relying on the expert to perform the service for which he was hired. Unless the taxpayer knows when the return is due, he would have to delve into the tax code and its regulations to find out. It is this task that the taxpayer is paying the lawyer to perform.

 If the taxpayer acquires knowledge of the due date from any source, reliance on an attorney after that date cannot amount to "reasonable cause." However, it cannot be said, as the government argues, that the failure to affirmatively inquire as to when the return is due amounts to "willful neglect." When the taxpayer is on notice that things are not being handled properly by a lawyer who is presumably competent, he can be expected to take some action. However, a taxpayer is under no duty to check up on his attorney to make sure that he is properly performing the job for which he has been hired when the taxpayer has no knowledge or notice that anything is wrong.

In this case, it is admitted that plaintiff did not know that the estate tax return was due within nine months after death. Plaintiff did inquire from time to time whether there was anything she needed to do or whether there was any additional information needed by attorney Bussell. The Court refuses to hold that plaintiff was required to research the Internal Revenue Code to ascertain the due date of the estate's return when she had no knowledge

that anything was amiss. Under the facts of this case, the Court holds that plaintiff's reliance on her attorney to timely file the tax return for the estate constituted "ordinary business care and prudence," within the meaning of 26 C.F.R. § 301.6651–1(c)(1). Accordingly, the failure to timely file the return was the result of "reasonable cause" and was not "due to willful neglect" within the meaning of 26 U.S.C. § 6651(a)(1), and plaintiff is entitled to a refund of the penalty and interest wrongfully collected from the Lusk estate by the Internal Revenue Service. It is therefore

ORDERED that defendant's motion for summary judgment, filed July 21, 1977, be, and the same hereby is, denied; and it is

ORDERED that plaintiff's motion for summary judgment, filed June 27, 1977, be, and the same hereby is, granted. Counsel for plaintiff is directed to prepare and file a suggested form of final judgment within 15 days of the date of this order.