ESTATE OF CLARENCE I. LILLEHEI, JAMES P. LILLEHEI, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lillehei v. Commissioner
Docket No. 5865-77.
United States Tax Court
T.C. Memo 1979-464; 1979 Tax Ct. Memo LEXIS 56; 39 T.C.M. (CCH) 518; T.C.M. (RIA) 79464; November 26, 1979, Filed John A. Forrest III, for the petitioner. Jeffrey D. Lerner, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge; Respondent determined a $20,953.18 deficiency in the Federal estate tax of Clarence I. Lillehei and additions to tax under the provisions of section 6654 [1] in the amount of *57 $20,342.40. [2] After concessions, the only issue presented for decision is whether there was reasonable cause for the late filing of the estate tax return. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Charles I. Lillehei (hereinafter the decedent), deceased, was a resident of Edina, Minnesota, at the time of *58 his death on October 5, 1973. James P. Lillehei (hereinafter the petitioner), one of decedent's three sons, was appointed executor of his estate on January 14, 1974. Petitioner is a medical doctor, 53 years of age. At the time the petition in this case was filed, petitioner was a legal resident of St. Paul, Minnesota. Petitioner executed the Federal estate tax return for decedent's estate on July 26, 1974. The return was filed with the Ogden Service Center, Ogden, Utah, on August 8, 1974. After the death of the decedent, petitioner retained the services of Edward Cohen, an attorney, to handle the affairs of the estate. Mr. Cohen had previously performed tax work for one of petitioner's brothers. Although there was no written agreement specifying the services to be rendered, Mr. Cohen understood that he was to prepare and file all estate documents that were required to be filed with the Probate Court, including the Federal estate tax return. Section 6075(a) requires that the Federal estate tax return be filed within 9 months after the date of the decedent's death. Thus, the filing due date for the Federal estate tax return herein was July 5, 1974. However, the return was *59 not filed until 34 days after the due date on August 8, 1974. A letter which was attached by Mr. Cohen to the return and dated August 5, 1974, evidence his knowledge that the return was overdue when he mailed it. No request for an extension of the filing due date was ever made. Petitioner did not learn that the return had been filed late until March of 1977, when he received a notice from respondent that a late filing penalty had been assessed. As a result of the late filing, respondent determined that an addition to tax was due under the provisions of sections 6651(a)(1) and (2) in the amount of $20,342.40. Petitioner knew that the estate was required to file a Federal estate tax return, but he did not know when it was due and he made no inquiries to find out. Even though petitioner had previously served as representive for the estate of his mother and had discussed with Mr. Cohen his duties as executor for the decedent's estate, he never checked with Mr. Cohen to insure that the return herein was being diligently prepared and filed. Instead, petitioner passively relied on Mr. Cohen to timely file the return herein. OPINION The sole issue for decision is whether there *60 was reasonable cause for petitioner's failure to timely file the Federal estate tax return for decedent's estate. If not, petitioner is liable for additions to tax sanctioned by sections 6651(a)(1) and (2). [3] Petitioner's basic contention is that his reliance on the estate's attorney to timely file the return herein constitutes reasonable cause under the provisions of sections 6651(a)(1) and (2). *61 Respondent argues, however, that since the petitioner was aware of the necessity of filing the return herein, he had a positive duty to ascertain the filing due date for that return and to make sure that the estate's attorney complied with that deadline. We agree with the respondent. Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that if a taxpayer uses ordinary business care and prudence and is still unable to file the return within the statutory time period, then the delay is due to reasonable cause. It is up to petitioner, who bears the burden of proof, to show that a delay in filing the estate tax return was due to reasonable cause and not willful neglect. Sec. 6651(a); Rule 142(a), Tax Court Rules of Practice and Procedure.
Where an executor knows that an estate tax return is required to be filed, it is reasonable to presume that he also knows that such a return has a filing due date. Estate of Rapelje v. Commissioner, 73 T.C.    , (Oct. 15, 1979); Estate of Duttenhofer v. Commissioner,49 T.C. 200, 205 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969); Ferrando v. U.S., an unreported case ( N.D. Cal. 1956, 52 A.F.T.R. 1924, 56-2 USTC par 11, 615), *62 affd. 245 F.2d 582 (9th Cir. 1957). An excutor who is aware of the necessity of filing an estate tax return has a personal nondelegable duty to timely file that return. U.S. v. Kroll,547 F.2d 393 (7th Cir. 1977); Richter v. U.S., 440, F. Supp. 921 (D.C.Minn. 1977); Estate of Campbell v. U.S.,449 F. Supp. 675 (D.C.N.J. 1977). If an executor has such a duty, his passive reliance on an attorney to timely file the estate tax return, without more, is not enough to establish the exercise of ordinary business care and prudence. Estate of Duttenhofer v. Commissioner,supra;Estate of Lammerts v. Commissioner,456 F.2d 681 (2nd Cir., 1972); and Estate of Rapelje v. Commissioner,supra. An executor exercises ordinary business care in such a situation only if he finds out the due date of the return and checks with the estate's attorney to insure that the return will be timely filed. Estate of Duttenhofer v. Commissioner,supra; Ferrando v. U.S.,supra; and Estate of Rapelje v. Commissioner,supra.
In the instant case, petitioner was aware of the necessity *63 of filing a Federal estate tax return, but he did not know the filing deadline. Even though the petitioner discussed his duties as executor with the estate's attorney, he never asked the attorney about the filing requjirements for the return and never attempted to ascertainthe attorney's progress on the return. The record reveals that petitioner's only actions with respect to the return were: (1) supplying the attorney, prior to July 1, 1974, with the data necessary to prepare the return, and (2) signing the return on July 26, 1974, after the filing deadline had passed, in the attorney's office. In addition, neither petitioner nor the estate's attorney ever discussed or filed a request for an extension of time to file the return. Such limited activity did not discharge petitioner's positive duty to make sure that the return was timely filed. Petitioner argues that it was reasonable for him to rely on the estate's attorney to timely file the return herein based on the decision in Gray v. U.S.,453 F. Supp. 1356 (W.D.Mo. 1978). In that case, the Missouri District Court stated that where a taxpayer was unaware of the filing due date of a return, he was under no "personal *64 and nondelegable" obligation to ascertain that due date and to make sure that an attorney preparing such a return complied with that deadline. However, this Court has flatly disagreed with the decision in Gray in our recent decision in Estate of Repelje v. Commissioner,supra, where we said (at note 7): Given that the executor is aware of the necessity of filing a return, we think it reasonable to presume that he is aware of the existence of a filing deadline. Based on that presumption, we think the executor fails to exercise ordinary care if he does not ascertain the due date of the return. Petitlioner also relies on Sheehan v. U.S., an unreported case ( N.D. Ohio 1979, 44 A.F.T.R. 2d 150,853, 79-1 USTC par. 13,304), in which the district court held that an executor's reliance on an attorney was unreasonable where she had reason to believe that the attorney would not timely file the return. Petitioner argues that since he had no reason to believe the estate's attorney would not timely file the return herein, his reliance on the attorney was reasonable. However, petitioner's argument fails to recognize that he has personal and nondelegable duties *65 to ascertain the due date of the return and to insure that an attorney timely prepares and files the return. Petitioner cannot fulfill these affirmative duties merely by employing an attorney, however competent he may believe the attorney to be. Accordingly, we hold that since petitioner failed to exercise ordinary care with respect to his duty to timely file the return herein, he has failed to show reasonable cause for the late filing of that return and is therefore liable for the addition to tax under sections 6651(a)(1) and (2). In order to reflect concessions with respect to other issues, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated. ↩
2. In the statutory notice of deficiency dated March 14, 1977, respondent had determined a deficiency in petitioner's estate tax in the amount of $25,514.83 and an addition to the tax under section 6651 in the amount of $20,798.57. Because of mathematical errors in the deficiency notice, the parties agreed to certain adjustments which resulted in a decreased deficiency and a decreased addition to the tax. Thus, in a supplementary report dated June 14, 1977, the correct deficiency in estate tax is $20,953.18 and the correct addition to the tax under section 6651, which is in dispute herein, is $20,342.40.↩
3. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX. -In case of failure- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefore (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment, of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩