**John B. FLEMING, Personal Representative of the Estate of John J. Fleming, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Counterclaimant.**

No. 79–C–34.

United States District Court, E. D. Wisconsin.

Jan. 30, 1980.

Michael W. Fleming, Milwaukee, Wis., for plaintiff.

Jeffrey D. Snow, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action brought pursuant to 28 U.S.C. § 1346(a)(1). Plaintiff seeks return of $28,688.63 additional estate tax assessed following plaintiff's failure to file the estate tax return and the estate tax by the due date. 26 U.S.C. § 6651(a)(1). Plaintiff has moved for summary judgment in his behalf, arguing that he should be excused from the penalty because his "failure [to timely file was] due to reasonable cause and not due to willful neglect . . ." 26 U.S.C. § 6651(a)(1).

Defendant seeks summary judgment for the amount of the additional assessment. Defendant has also submitted a counterclaim for $5,229.62 in interest accumulated because of plaintiff's delay in paying the additional assessment.

This Court has jurisdiction over defendant's counterclaim for the unpaid interest pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. Plaintiff does not contest the claim for the unpaid interest if the Court finds that the penalty itself was correctly assessed.

The Court, under Rule 56(c) of the Federal Rules of Civil Procedure, must grant a summary judgment if "there is no genuine issue as to any material fact and [if] . . . the moving party is entitled to a judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). No real dispute exists between the parties as to the facts in the present case. Therefore, the sole question remaining for the Court is whether either party is entitled to a judgment as a matter of law. To make this determination, the Court will first set out the undisputed material facts and then apply the law to them.

The plaintiff is the personal representative in the estate of his father, John J. Fleming, who died on January 18, 1972. Pursuant to 26 U.S.C. § 6075, the estate's federal tax return was due on October 18, 1972, nine months after decedent's death. In affidavits submitted to this Court, both plaintiff and the attorney for this estate have acknowledged that, before October 18, 1972, the estate's attorney informed the personal representative of the date upon which this return was due. Because of the alleged complexity of this estate, the attorney has further stated that it was impossible to file the return by the due date. Consequently, in early October, 1972, he

informed plaintiff that a request for an extension had been prepared and would have to be filed. 26 U.S.C. § 6081. In his affidavit, the estate's attorney avers that, although he prepared a written draft of this request and gave it to his secretary, the application for additional time for filing was never filed. In contrast, John B. Fleming, the executor, attests that he was told first that the request for an extension had been filed and second, that this extended the time for filing. (John B. Fleming affidavit at ¶ 15).

The estate filed the required tax return and paid $100,056.00 on August 22, 1973, approximately ten months after the due date. The estate attorney received notice of the claimed tax addition of $28,688.64 plus a deficiency of $978.17 on November 13, 1975. The government received a total of $29,666.81 approximately three years later, on March 30, 1978.

Under 26 U.S.C. § 6651(a)(1), a person is liable for the addition to the tax "unless it is shown that [such failure to file the return by the prescribed date] is due to reasonable cause and not due to willful neglect." If the taxpayer does not meet this twin burden, the assessment is mandatory. *Heman v. Commissioner*, 32 T.C. 479 (1959), aff'd., 283 F.2d 227 (8th Cir. 1960); *Cronin's Estate v. Commissioner*, 164 F.2d 561 (6th Cir. 1947); *Ferrando v. United States*, 245 F.2d 582 (9th Cir. 1957).

Plaintiff claims to have satisfied this twin test because he reasonably relied on the estate attorney's assurance that a request for extension had been made. He cites *Gray v. United States*, 453 F.Supp. 1356 (W.D.Mo.1978) in support of this argument. In *Gray*, the executor of an estate was not informed by the estate's attorney of the due date for the estate's tax returns. The return was not filed on time and the addition was assessed. *Id.* at 1358. The court held that the penalty was wrongfully assessed stating:

When the taxpayer is on notice that things are not being handled properly by a lawyer who is presumably competent, he can be expected to take some action.

However, a taxpayer is under no duty to check up on his attorney to make sure that he is properly performing the job for which he has been hired when the taxpayer has no knowledge or notice that anything is wrong. *Id.* at 1361.

The defendant bases his argument for summary judgment upholding the assessment on two cases from this circuit: *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977) and *Ruel v. United States*, 430 F.Supp. 1122 (E.D.Wis.1977). In *Kroll*, the government assessed an addition to the tax for the estate's late filing of the estate tax return. The executor of the subject estate claimed "reasonable cause" and lack of "willful neglect" because he relied on his attorney to file the tax return. However, the executor had a fair amount of other business and tax experience and, with regard to the estate, had been notified by the taxing authorities that the filing was late. The government then even gave him another mandatory due date. The assessment was made after he failed to pay the tax by this second date. *Id.* at 396. The court upheld the assessment stating that:

when there is no question that a return must be filed, the taxpayer has a personal nondelegable duty to file the tax return when due. [Citations omitted]. In the cases holding that no penalty may be imposed because of good-faith reliance on counsel, the question was whether a return had to be filed . . . Those cases do not sanction an abdication of responsibility for the timely filing of a return admittedly due. Id. at 396–397. [Citations omitted].

The *Ruel* case also involved an executor seeking refund of the penalty assessed for late filing of the estate tax. *Ruel v. United States*, 430 F.Supp. 1122 (E.D.Wis.1977). The executor, Michael Ruel, argued that his situation was distinct from the one in *Kroll* because he had less business experience than the executor in *Kroll* and was without notice from the taxing authorities that the estate tax return was overdue. *Id.* at 1123. Judge Gordon, strictly following the rule laid down in *Kroll*, upheld the assessment in spite of these facts.

I am bound by the direction of the court of appeals that there can be no "abdication of responsibility for the timely filing of a return admittedly due." Pursuant to *Kroll*, since there is no question in the case at bar that a return had to be filed, the plaintiffs had "a personal, non-delegable duty to file the tax return when due." *Id.* at 1123.

Judge Gordon ultimately concluded that, even if *Kroll* were factually distinct, the personal representative, Michael Ruel, was still bound by his "personal, non-delegable duty" to file the return when due. *Id.* at 1123.

This Court, of course, is similarly bound by the court of appeals holding in *Kroll.* The plaintiff here attempts to distinguish *Kroll* by noting that he was told by the estate's attorney that an application for extension had been filed. This distinction does not free plaintiff from his *"personal non-delegable* duty" to file the return on time. (emphasis added). The holding in *Kroll* evidently indicates that the personal representative must bear ultimate responsibility for promptly and properly filing any matters relating to the estate tax, including the proper filing of a request for an extension.

This Court notes that the district court in *Gray* explicitly took issue with the holding in *Kroll. Gray v. United States,* 453 F.Supp. 1356, 1360 (W.D.Mo.1978). Considering *Kroll's* holding that an executor has a "personal non-delegable duty" to file the return on time, the *Gray* court found this language "much too broad." The *Gray* court decided that such a duty should exist "only when the taxpayer has actual notice of the date the return in question is due." *Id.* at 1360.

This Court is, nonetheless, bound by the holding in *Kroll* and will follow and apply this rule in the present case. Furthermore, there is a sound and valid reason to impose upon the executor the "personal, non-delegable duty" of promptly filing a request to extend the time for filing estate tax returns. While requiring the layman administrator to look over his attorney's shoulder

may seem a heavy burden, it must be weighed against threats of great monetary losses to the treasury and interference with efficient tax collection. *Spies v. United States,* 317 U.S. 492, 495, 63 S.Ct. 364, 87 L.Ed. 418 (1943). This Court cannot easily allow neglect, mistake or inattentiveness to cost the government time and extra expense in collecting taxes.

The Court also takes note of the recent case of *Rohrabaugh v. United States,* 611 F.2d 211 (7th Cir. 1979) wherein a divided court held that a taxpayer's failure to timely file is excusable neglect in those situations where the taxpayer is inexperienced, has completely relinquished control of the case to the attorney, and is unaware of the dates filings are due. While the circumstances of *Rohrabaugh* have some similarity to the present case, this Court recognizes the very narrow holding of that opinion. A trial court must examine every case on its individual merits. One strong distinguishing factor in the present case is plaintiff's knowledge of the due date. That is enough to make the limited *Rohrabaugh* holding inapplicable to this action.

Thus, even if the plaintiff here did not file the estate tax return on time because he relied upon the estate's attorney to file for an extension, such reliance is not "reasonable cause" under 26 U.S.C. § 6651(a)(1). Given that such reliance is not "reasonable cause," the plaintiff is liable under § 6651(a) for the addition to the tax as prescribed by that statute. The Court, therefore, must and hereby does grant summary judgment to defendant and against plaintiff for an addition to the estate tax. Rule 56(d), Federal Rules of Civil Procedure. Furthermore, the defendant has also counterclaimed for $5,229.62 in interest due because of the delay in paying the assessment. The plaintiff does not oppose this counterclaim given a holding that the penalty was properly assessed. As the Court has granted summary judgment for defendant on the assessment, summary judgment for the defendant on its counterclaim for the amount of the interest claimed must be and is hereby granted.

SO ORDERED this 30th day of January, 1980, at Milwaukee, Wisconsin.