**STOTLER AND COMPANY, Plaintiff,**

v.

**Mike KHABUSHANI, Defendant.**

**No. 87 C 8083.**

United States District Court,
N.D. Illinois, E.D.

Jan. 10, 1989.

Jeffrey M. Henderson, Thomas F. Kolter, Stotler and Company, Henry K. Becker, Chicago, Ill., for plaintiff.

Mike Khabushani, Northridge, Cal., pro se.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Stotler and Company ("Stotler") filed a one-count complaint against Mike Khabushani on September 17, 1987 alleging that Mr. Khabushani breached his contract with Stotler. Mr. Khabushani answered and counterclaimed on November 13, 1987. Stotler filed an amended complaint on May 11, 1988, alleging breach of contract and, in a second count, common law fraud. Pending before the court is Stotler's motion for summary judgment.

### FACTS

On July 14, 1987 Stotler and Mr. Khabushani entered into a written brokerage contract. Mr. Khabushani opened a trading account pursuant to this contract on August 18, 1987 with a check for $40,000.00. Mr. Richard Ullmer, one of Stotler's investment brokers, thereafter began trading in commodity futures contracts on behalf of Mr. Khabushani's account. At some point, Mr. Khabushani's check was returned for insufficient funds; on August 24, 1987 Stotler deducted $40,000.00 from Mr. Khabushani's account to ·cover the amount of the bounced $40,000.00 check. This debit left a credit balance of $4,671.55 in the account.

On September 15, 1987 Mr. Khabushani authorized Stotler to purchase certain treasury bond contracts and S & P futures contracts on his behalf. That day, the contract price for these investments declined dramatically. On September 15, 1987 Mr. Ullmer informed Mr. Khabushani that he must cover the margin in order to keep his position. (Plaintiff's Statement of Uncontested Facts, ¶ 12; Khabushani Declaration, ¶ 12; Defendant's Exhibit A). Mr. Khabushani did not supply the necessary margin. Consequently, Stotler liquidated Mr. Khabushani's account on September 16, 1988 resulting in a debit balance of $111,367.55. Stotler seeks recovery of this amount. Mr. Khabushani's counterclaim seeks $250,000.00 from Stotler to cover the profit he would have made on his investment if Stotler had not liquidated his account.

### DISCUSSION

Summary judgment is appropriate only if the parties' evidentiary materials show that there is no genuine dispute over facts that might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A court must enter summary judgment if, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In making such a showing, there must be sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *Anderson*, 106 S.Ct. at 2510.

#### A. *Count I*

The Customer's Agreement between Stotler and Mr. Khabushani provided as follows:

7. Customer agrees to at all times maintain such margins in this account as Stotler may from time to time require, in its sole discretion, and will promptly meet all margin calls. Margin requirements may be increased at Stotler's discretion and may be retroactive. Customer agrees when requested, whether through telephone order or other communication, to wire transfer margins or any funds required by Stotler, and to furnish Stotler with names of bank officers and information necessary for immediate ver-

ifications. If at any time Customer's account does not contain the amount of margin required, Stotler may but is not obligated to at any time without notice close out Customer's positions in whole or in part and take any actions as noted in Paragraph 8.

(Plaintiff Exhibit 1, ¶ 7). This provision clearly authorizes Stotler to close out a customer's position without notice when the account does not contain the amount of requisite margin. Mr. Khabushani concedes that Stotler notified him of the margin requirement on September 15, 1987. (Khabushani Dec. ¶ 12). Therefore, Stotler did not breach the terms of the contract by liquidating Mr. Khabushani's positions on September 16, 1987 when Mr. Khabushani failed to cover the margin.

■ Mr. Khabushani asserts that Mr. Ullmer orally modified the contract by limiting his trading activities to "day trading." (Khabushani Dec. ¶ 10). Using a "day trading" technique, an investor enters and exits a trading market on the same day and does not keep any open positions while the market is closed overnight. Mr. Ullmer explained to Mr. Khabushani that this type of trading did not require meeting any margin calls, but only covering any losses that might occur by the end of the day. (Khabushani Dec. ¶ 10).

Mr. Ullmer's oral agreement to use a "day trading" method for Khabushani's trades did not, however, modify the terms of the written agreement between Stotler and Mr. Khabushani.

The Customer's Agreement states:

3. This contract is the entire Agreement between us and no provisions hereof shall in any respect be waived or modified unless in writing and signed by a Partner of Stotler and Company. Customer acknowledges that no person other than a Partner has authority to modify or waive the provisions of the Agreement or to establish customs and practices of trading contrary to the terms of this Agreement.

(Plaintiff's Exhibit 1, ¶ 3).

The modification as stated by Mr. Khabushani was an oral agreement between Mr. Ullmer and Mr. Khabushani. Mr. Ullmer was not a partner at Stotler & Company. Mr. Ullmer, therefore, was not authorized to modify the written Customer's Agreement. Even if Mr. Ullmer were so authorized, the Customer's Agreement was not modified in the manner required by its terms.

Mr. Khabushani also states in his Declaration opposing summary judgment that Stotler did not allow him enough time to cover the margin call. Defendant asserts that Stotler notified him of the margin requirement at approximately 2:00 p.m. PST on September 15, 1987. (Khabushani Dec. ¶ 12). He claims that funds may only be wired between the West Coast and the Midwest between 9:00 a.m. PST and 12:00 p.m. PST. (Khabushani Dec. ¶ 14). By liquidating his positions at 6:00 a.m. PST on September 16, 1987 before the West Coast banks opened, Mr. Khabushani argues, Stotler did not allow Mr. Khabushani the opportunity to comply with the firm's margin requirements.

■ Mr. Khabushani's statement that he was unable to meet Stotler's margin requirement because of the time restrictions imposed by West Coast banks on wire transfers (a fact the court is required to find credible at this juncture) does not preclude summary judgment for Stotler on Count I of its complaint. The contract between the parties required Mr. Khabushani "to at all times maintain such margins in this account as Stotler may from time to time require ... [and] promptly meet all margin calls." There was no implied contractual provision that Stotler bear the risk of loss as to uncovered margins because Mr. Khabushani kept his money in West Coast banks that could not provide prompt financial services.

Stotler relies on *Geldermann & Co., Inc. v. Lane Processing, Inc.*, 527 F.2d 571 (8th Cir.1975), to support its right to close out Mr. Khabushani's positions for his failure to meet margin requirements. Mr. Khabushani cites no authority to the contrary that diminishes the viability of the *Geldermann* decision. In *Geldermann*, in which

the court held that one hour was a reasonable length of time within which to expect a margin payment, the customer agreed to the following language:

> I further agree that I will at all times without notice or demand from you maintain and keep my account fully margined and protected in accordance with your requirements and that you will be kept secure by me against fluctuations of the market price of the commodities in my account.
>
> In case of my failure to maintain with you at all times such margin as you may deem adequate for your protection, you may, without prior demand or notice to me, Sell and/or Purchase such commodities as you may consider necessary to fully protect my account.

527 F.2d at 574 (emphasis added). The agreements in both *Geldermann* and in the present case mandated that the customer keep a margin in the trading account as required by the broker. The minor difference in language between the contract in *Geldermann* and the contract between Stotler and Mr. Khabushani does not change the requirement that Mr. Khabushani should have kept the requisite margin in the account. After Stotler made the margin call and money covering the margin was not forthcoming, Stotler had no obligation to keep the positions open. Moreover, according to Mr. Khabushani's own "day trading" oral modification theory, Stotler had an obligation to close the positions and Khabushani had an obligation to cover the loss. The court need not address that point further, however, because under the undisputed material facts there was no modification of the terms of the written Customer Agreement.

Furthermore, the rules of the Chicago Board of Trade to which the transactions by Stotler on Mr. Khabushani's behalf were subject, (Plaintiff's Exhibit 1, ¶ 1), authorized Stotler to liquidate Mr. Khabushani's positions one hour after Mr. Khabushani failed to provide the demanded margin funds. Rule 430.00 of the Chicago Board of Trade provides that a customer must deposit margin funds "within a reasonable time after demand, and, in the absence of unusual circumstances, one hour shall be deemed a reasonable time." (Plaintiff's Exhibit 9). It is undisputed that Stotler waited more than 14 hours before liquidating the position.

Mr. Khabushani has raised no genuine issue of material fact. Summary judgment for Stotler on Count I therefore is appropriate and will be granted.

### B. *Count II and Defendant's Counterclaim*

Stotler also seeks summary judgment on Count II, which seeks recovery from Mr. Khabushani under a fraud theory. However, in light of the court's ruling on Count I of the complaint, Stotler's alternative theory of recovery on Count II is moot.

Defendant's counterclaim is based upon a theory of oral contract modification. Since the alleged modification is not in accordance with, and in fact contrary to, the undisputed terms of the written Customer Agreement signed by Mr. Khabushani there is no issue of material fact and summary judgment will be granted in favor of plaintiff Stotler on defendant's counterclaim.

### CONCLUSION

For the reasons stated in this memorandum opinion, plaintiff Stotler's motion for summary judgment is GRANTED as to Count I of the Complaint and on defendant's counterclaim. Count II of complaint is moot. Judgment is entered in favor of plaintiff Stotler in the amount of $111,-367.55, the unpaid debt owed by defendant to plaintiff.