2023 IL App (1st) 220619-U

No. 1-22-0619

Order filed August 25, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| EVAN MOSCOV AND LAUREN MOSCOV, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 132857 |
| | ) | |
| NII AKWEI ADDO, | ) | Honorable |
| | ) | H. Yvonne Coleman, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment is affirmed where (1) the appellant has failed to provide reasoned bases for his contentions or citations to pertinent authorities, thus rendering his contentions for appeal procedurally defaulted, and (2) the record is insufficient for this court to determine whether the trial court's denial of defense counsel's request for a continuance was an abuse of discretion or whether the trial court's ultimate trial judgment was against the manifest weight of the evidence.

¶ 2    Defendant, landlord Nii Akwei Addo, appeals *pro se* from an order of the trial court

entering judgment, after trial, in favor of plaintiffs, tenants Evan Moscov and Lauren Moscov (the

Moscovs), and dismissing his counter-complaint with prejudice. Although no appellee has filed a response brief in this court, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on Addo's brief and the record alone. For the reasons explained below, we affirm.

¶ 3    On October 16, 2018, the Moscovs filed a five-count complaint against Addo pursuant to the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12-010 *et seq.* (amended Mar. 31, 2004)). Factually, the Moscovs alleged that they had entered into a residential rental agreement with Addo on June 12, 2017, and paid a $3,850 security deposit. They further alleged that they fully vacated the apartment at issue on July 31, 2018, "as agreed to between the parties," owed no rent upon vacating, and left the apartment in the same condition as received, reasonable wear and tear excluded. Finally, they alleged that since the time of vacating, and despite demands, Addo had failed to account for and return any of their security deposit.

¶ 4    In count I, the Moscovs alleged Addo had violated section 5-12-080(a)(3) of the RLTO by failing to disclose on the lease the name and address of the financial institution where their security deposit was deposited. In count II, they alleged Addo had violated section 5-12-080(c) of the RLTO by failing to pay them the interest accrued on their security deposit within 30 days after the end of their first 12-month rental period and after they vacated the unit. In count III, they alleged Addo had violated section 5-12-080(d) of the RLTO by failing to (1) deliver or mail to their last known address within 30 days an itemized statement of damages and the estimated or actual cost for repairs or replacement, (2) return any of their security deposit within 45 days of vacating the unit, (3) pay their security deposit interest within 45 days of vacating the unit, and (4) provide copies of paid receipts for any deductions to the security deposit. In count IV, they alleged breach

of contract or unjust enrichment, in the alternative, for actual security deposit return. In count V, they alleged Addo had violated section 5-12-170 of the RLTO by failing to attach a summary of the RLTO to their lease. See Chicago Municipal Code § 5-12-080 (amended July 28, 2010), § 5-12-170 (amended Nov. 26, 2013).

¶ 5    The Moscovs noted that section 5-12-080(f) of the RLTO provides that if a landlord fails to comply with any provision of section 5-12-080(a) through (e), the tenant shall be awarded damages in an amount equal to two times the security deposit plus interest (Chicago Municipal Code § 5-12-080 (amended July 28, 2010)), and that, separately, a tenant who establishes a violation of section 5-12-170 is entitled to recover $100 in damages (Chicago Municipal Code § 5-12-170 (amended Nov. 26, 2013)). Accordingly, the Moscovs sought to recover their security deposit of $3,850 plus damages of $7,700 and $100, for a total amount of $11,650, plus interest, reasonable fees, and costs. The Moscovs attached a one-page "lease renewal" dated June 12, 2017, and a print-out of an email exchange between Evan Moscov and Addo on September 17, 2018.

¶ 6    On December 18, 2018, Addo filed a *pro se* appearance and answer to the complaint. In the answer, he alleged that the Moscovs' lease effectively terminated on June 30, 2018, but that he verbally extended the tenancy "through goodwill" to July 31, 2018, and that the security deposit was placed in an FDIC insured interest bearing account. Addo alleged that when the Moscovs vacated on July 31, 2018, he was unable to perform an inspection, as he was out of state on business, and that "communication to that effect was relayed" to the Moscovs. Addo alleged that when he accessed the property on August 27, 2018, he evaluated the damage to the apartment and estimated the reasonable costs of repairs. He alleged that Evan Moscov emailed him on August

31, 2018, while he was awaiting quotes from various contractors, and "confessed to sending wrong address." Addo alleged that he informed the Moscovs of the damage to the property.

¶ 7    On November 18, 2019, Addo, through an attorney, filed a counterclaim against the Moscovs. Factually, he alleged that after the Moscovs vacated the apartment, he discovered damage, including a missing bedroom door, broken refrigerator components, detached metal strips on cabinets, and a broken dishwasher door. He alleged that he sought diligently to make repairs and was unable to re-rent the apartment until September 2018. Addo alleged that the vacancy of the apartment resulted in lost rent of approximately $7,700 and that the damages resulted in repair and replacement costs of approximately $5,337.08. Addo alleged that the Moscovs committed a breach of contract and violated their lease where they returned the premises with substantial damages beyond ordinary wear and tear. He sought $13,127 for direct damages, plus court costs. He attached to his counterclaim a 21-page lease signed by the parties on February 7, 2016.

¶ 8    On March 23, 2020, Addo's attorney filed a motion to withdraw, which the trial court granted. On June 7, 2021, Addo's second attorney filed a motion to withdraw, which the trial court granted. On June 15, 2021, the Moscovs filed an answer to Addo's counterclaim, denying that they caused any of the damage alleged.

¶ 9    On October 26, 2021, the trial court entered an order, in which it indicated that Addo and the Moscovs were present via Zoom, setting the matter for trial on April 5, 2022. On March 18, 2022, the Moscovs filed a motion to bar Addo from testifying at trial, alleging that he had not filed a verified answer to their complaint or an answer to their document request.

¶ 10　On April 4, 2022, a new, third attorney filed an appearance for Addo and filed a motion for leave to file instanter exhibits "for trial on April 5, 2022." The attorney attached the 2016 lease and copies of emails between Addo and the Moscovs in which they discussed the security deposit.

¶ 11　Following a trial held over Zoom on April 5, 2022, the trial court entered judgment in favor of the Moscovs and against Addo on counts I, II, III, and V, in the amount of $11,650 plus court costs. The trial court also dismissed Addo's verified counter-complaint with prejudice and granted the Moscovs' counsel leave to file a verified attorney fee petition pursuant to the RLTO. The court's written order indicated that counsel for both parties, the Moscovs, and two witnesses for the Moscovs were present, but that Addo had failed to appear despite due notice. The court also noted that it had denied Addo's counsel's oral request to postpone the trial, reviewed the verified complaint and exhibits, and listened to Evan Moscov's sworn testimony. No transcript of any proceedings appears in the record on appeal.

¶ 12　Addo filed a timely notice of appeal on May 2, 2022.[1]

¶ 13　As an initial matter, we must address the deficiencies in Addo's brief. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that an appellant's brief must contain contentions and the reasons therefor, with citation to the authorities upon which the appellant relies. As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a

---

[1] The circuit court's lack of a specific ruling on count IV does not preclude the order from being considered a final judgment. Count IV was pled expressly as an alternative to relief under the RLTO, and was only viable in the event that relief was denied on counts I, II, and III. The circuit court's entry of judgment in the Moscovs' favor on counts I, II, and III eliminated the need for it to rule upon the alternative theory of recovery set forth in count IV. See, *e.g.*, *Dunn, Brady, Goebel, Ulbrich, Morel, Kombrink & Hundman v. State Farm Ins. Co.*, 100 Ill. App. 3d 93, 100 (1981) (noting that the trial court declined to grant relief to the plaintiff on a count where disposition with regard to another count "terminated the litigation obviating the need to address the alternative theory"); *Stotler & Co. v. Khabushani*, 703 F. Supp. 738, 741 (N.D. Ill. 1989) (noting that "in light of the court's ruling on Count I of the complaint, [the plaintiff's] alternative theory of recovery on Count II is moot").

cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986).

¶ 14    Arguments that are not supported by citations to authority fail to meet the requirements of Supreme Court Rule 341(h)(7) and are procedurally defaulted. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010). Similarly, where a party fails to provide cohesive legal arguments or reasoned bases for his or her contentions, they are forfeited. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 6. *Pro se* litigants are not excused from following rules that dictate the form and content of appellate briefs. *In re Marriage of Barile*, 385 Ill. App. 3d 752, 757 (2008).

¶ 15    On appeal, Addo has presented three numbered issues for review, as follows:

"1. Was [Addo] negligently misrepresented by his attorneys? Further was [Addo] properly informed about court procedures and rules?

2. Did the trial court use its discretion and was [Addo] afforded due process and equal protection?

3. [Are the Moscovs] entitled to the amount equal to two times the security deposit? Should the merits of the case be viewed in accordance with remedial ordinances or penal ordinances[?]"

We address these contentions in turn.

¶ 16    First, Addo contends that he was "negligently misrepresented," underrepresented, and ill-advised throughout his case. He asserts that his first attorney did not file an amended verified answer, did not review and understand the case, and failed to file exhibits to substantiate the

damages alleged in the counterclaim. He further argues that his first and second attorneys improperly represented him where they mishandled and failed to file discovery prior to trial.

¶ 17    In support of these arguments, Addo cites *Gray v. United States*, 453 F. Supp. 1356 (W.D. Mo. 1978), for the proposition that reliance on the advice, diligence, and competence of a presumably knowledgeable attorney constitutes "reasonable cause" and not "willful neglect" as a matter of law. *Gray* is inapposite, as it addressed whether a party's reliance on an attorney to file a tax return constituted "reasonable cause" for a late tax filing and whether the tardiness was "due to willful neglect" under specific language in the Internal Revenue Code. *Id.* at 1357-58, 1361. Addo has failed to cite relevant authority to support his contention and, absent such citation, his contention is procedurally defaulted. See *Vilardo*, 406 Ill. App. 3d at 720.

¶ 18    Moreover, it appears that Addo is attempting to make a claim of ineffective assistance of counsel. While a constitutional right to adequate representation exists in criminal cases (see generally *Strickland v. Washington*, 466 U.S. 668 (1984)), we are not aware of any authority regarding a comparable right in civil matters (see *Wolfe v. Board of Education of City of Chicago*, 171 Ill. App. 3d 208, 211 (1988)). A civil judgment may not be reversed simply because of a party's dissatisfaction with its chosen attorney. See *id.* at 211-12.

¶ 19    Addo's second contention is that the trial court did not use its discretion and that he was not afforded due process and equal protection. He asserts that the Moscovs' attorney did not act in good faith, made no effort to settle or mediate, and falsely claimed Addo did not file an answer the complaint. He argues that "it was obvious that per 735 ILCS 5/2-1003, there was no Discovery filed in his defense," and that his third attorney's act of filing an appearance and exhibits the day before trial "was a huge indication that [he] was not afforded due process and equal protection."

Addo argues that he was prejudiced by the trial court's denial of his third attorney's request for a continuance, as he was unable to appear at trial due to being out of the country on business and not having "clear reception" for the Zoom proceedings.

¶ 20    Again, Addo has not cited relevant authority to support his arguments, rendering them procedurally defaulted. See *Vilardo*, 406 Ill. App. 3d at 720. The only citations in this portion of his brief are to sections 2-1003 and 2-1007 of the Code of Civil Procedure. 735 ILCS 5/2-1003, 2-1007 (West 2020). Specifically, he cites section 2-1003—which generally provides that discovery shall be in accordance with rules—only in passing, and quotes the following excerpt from section 2-1007, which is titled "Extension of time and continuances":

> "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment.
>
> The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules." 735 ILCS 5/2-1007 (West 2020).

He follows this quotation with an assertion that on the day of trial, he was abroad on business and did not have clear reception. To the extent that Addo is implying that he showed good cause for a continuance, he has cited no authority for the proposition that a trial court abuses its discretion when it denies a day-of-trial request for a continuance to accommodate a party's planned travel.

¶ 21    In addition, while this court reviews a trial court's decision to deny a motion for a continuance for an abuse of discretion (see *Doe v. Parrillo*, 2021 IL 126577, ¶ 65), the record in this case does not contain a trial transcript or an acceptable substitute (see Illinois Supreme Court

Rule 323(c), (d) (eff. July 1, 2017)). As the appellant, Addo carries the burden of presenting a sufficiently complete record to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). Any doubts arising from the incompleteness of the record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Here, where there is no transcript of the trial court's denial of Addo's counsel's request to postpone trial, "there is no basis for holding that the trial court abused [its] discretion in denying the motion." *Foutch*, 99 Ill. 2d at 392.

¶ 22    Furthermore, Addo's assertions that he was not afforded due process and equal protection are conclusory and vague. The only example that he provides is that his third attorney filed an appearance and exhibits the day before trial. However, equal protection and due process guarantees prohibit governmental actions, not actions by private individuals. *Methodist Medical Center of Illinois v. Taylor*, 140 Ill. App. 3d 713, 717 (1986). Addo has not explained how he believes the government violated his constitutional rights and we will not make such an argument for him. See *Thrall Car Manufacturing Co.*, 145 Ill. App. 3d at 719.

¶ 23    Addo's third contention is that the Moscovs should not be entitled to two times the amount of the security deposit. Citing the dissent in *Lawrence v. Regent Realty Group, Inc.*, 197 Ill. 2d 1, 16 (2001) (Freeman, J., dissenting), he argues that he did not knowingly violate the RLTO and that "the case should be viewed in accordance with penal ordinances rather than remedial ordinances."

¶ 24    Again, Addo has failed to cite to pertinent authority to support his contention. Although he has cited a dissenting opinion, a dissent has no precedential value. *Talerico v. Village of Clarendon Hills*, 2021 IL App (2d) 200318, ¶ 37. Moreover, the majority opinion of the case he cited, which does serve as precedent, actually supports the award of two times the security deposit in this case.

See generally *Lawrence*, 197 Ill. 2d at 1. In *Lawrence*, the majority held that section 5-12-080(f) of the RLTO is clear and unambiguous and requires no proof that the landlord's violations of the RLTO were knowing or willful. *Id.* at 6, 9-10. Where Addo has not cited relevant authority to support his arguments, they are procedurally defaulted. See *Vilardo*, 406 Ill. App. 3d at 720.

¶ 25    As a final matter, to the extent that Addo is generally challenging the trial court's ultimate judgment for the Moscovs and against him, we cannot ignore the insufficiency of the record on appeal. As noted above, Addo carries the burden of presenting a sufficiently complete record to support his claims of error. *Foutch*, 99 Ill. 2d at 391. In the absence of a sufficiently complete record, we must presume that the circuit court "had a sufficient factual basis for its holding and that its order conforms with the law." *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 157 (2005).

¶ 26    We review a circuit court's judgment following a trial to determine whether it is against the manifest weight of the evidence. *Bazydlo v. Volant*, 164 Ill. 2d 207, 215 (1995). The trial court's written order indicated that the court heard testimony and reviewed exhibits. However, the record in the instant case does not include a copy of a transcript of proceedings or an acceptable substitute. See *Midstate Siding & Window Co., Inc. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Absent any of these, we have no basis from which we can discern what testimony and exhibits the court considered, let alone whether the trial judgment was against the manifest weight of the evidence. See *O'Malley v. Udo*, 2022 IL App (1st) 200007, ¶ 60. We therefore presume the court's order conformed with the law and had a sufficient factual basis. *Id.*

¶ 27    In summary, Addo has failed to provide reasoned bases for his contentions or citations to pertinent authorities, rendering his contentions procedurally defaulted. In addition, in the absence of an adequate record, we cannot determine whether the trial court's denial of defense counsel's

request for a continuance was an abuse of discretion or whether the trial court's ultimate judgment

for the Moscovs and against Addo was against the manifest weight of the evidence.

¶ 28    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 29    Affirmed.