Estate of William T. Mayer, Philip A. Pagano, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Docket No. 923–63. Filed December 31, 1964.

*Richard Kilcullen*, for the petitioner.
*Robert A. Trevisani*, for the respondent.

Respondent, by letter dated December 11, 1962, notified the executor of the estate of William T. Mayer that the determination of the estate tax liability of the estate disclosed "a deficiency in penalty" in the amount of $3,466.89.

At issue is whether the failure timely to file the estate tax return was due to reasonable cause so as to make inapplicable the addition to tax provided for in section 6651 of the 1954 Code.

FINDINGS OF FACT

All of the facts have been stipulated and are incorporated herein by this reference.

---

Decedent, William T. Mayer, died on October 9, 1958. Philip A. Pagano, his executor, filed a U.S. estate tax return with the district director of internal revenue at Manhattan, New York, on March 7, 1960. Such return was due on January 9, 1960.

Pagano is a certified public accountant; his office is located in the Bronx, N.Y. Most of his clients are small retail businesses such as liquor stores. Pagano is familiar with both Federal and State income taxes insofar as they relate to his clients. He has had limited experience in New York and Federal estate tax matters.

William J. Schmitt is an attorney in New York City who has been in practice for over 30 years. Although Schmitt is a general practitioner, he considers himself to be competent in the fields of both income and estate taxation. During the past 20 years, he has prepared and filed Federal estate tax returns for at least eight estates.

Promptly upon his qualification as executor, Pagano retained the services of Schmitt to represent him in his capacity as executor. Schmitt was to be the attorney in all matters involving the discharge of Pagano's duties as executor, including the preparation of New York and Federal estate tax returns. Pagano considered Schmitt qualified in such matters.

On January 12, 1959, Pagano filed an "Estate Tax Preliminary Notice" (Form 704) in which he estimated decedent's gross estate to be $888,500. Included among the assets of the estate was stock in three closely held corporations. In order to establish a more accurate basis for reporting the value of the foregoing stock on the Federal estate tax return, it was decided that the stock should first be valued by the New York tax authorities. On August 10, 1959, Pagano filed a New York estate tax return. At the time of filing this return, an application for prompt review was requested so that the value of this stock could be agreed upon before the Federal estate tax was due. Approximately eight conferences were held with the New York tax authorities in connection with the valuation of the stock. Pagano worked closely with Schmitt in respect of the extensive negotiations with the New York tax authorities, including the foregoing eight conferences, involving the valuation of estate assets. On February 16, 1960, the parties reached an agreement as to the value of the stock in one of the corporations and on March 1, 1960, they reached an agreement as to the value of the stock in the two other corporations.

Pagano relied upon Schmitt to prepare for his signature the necessary tax returns for the estate, in proper form, and to timely file such returns. However, Pagano himself was actively engaged along with Schmitt in the preparation of the returns. While Pagano "may have known," or could have found out, the due date for filing, he did not concern himself with it.

Schmitt made a notation on his diary that the Federal estate tax return was due on March 9, 1960. He was not aware of this miscalculation until he received notice from the district director, bearing the date February 16, 1960, that such return was overdue.

The "Estate Tax Preliminary Notice" (Form 704), signed and filed by Pagano on January 12, 1959, consisted of a single sheet and contained the following in boldface type:

NOTICE.—Failure to file a required return on Form 706 within 15 months from the date of death may render executors, administrators, and persons in actual or constructive possession of the decedent's property liable for penalties.

After the Federal return was filed, the Commissioner imposed a so-called penalty of 10 percent of the amount shown as due on the return as filed by petitioner. This amount has been assessed and is not in contest here. Thereafter, the Commissioner determined a deficiency in estate tax in the amount of $34,668.91 and added the so-called penalty equal to 10 percent of that amount ($3,466.89) pursuant to section 6651 of the 1954 Code for failure to file the return on time. It is only this $3,466.89 addition to tax that is in dispute in this proceeding.

OPINION

RAUM, *Judge:* At issue is whether petitioner's failure to file the Federal estate tax return on time was due to "reasonable cause" under section 6651.[1] Petitioner contends that his reliance on qualified counsel to prepare and file the return constituted such "reasonable cause."[2] We hold otherwise.

Reasonable cause means "the exercise of ordinary business care and prudence." *Southeastern Finance Co.* v. *Commissioner,* 153 F. 2d 205 (C.A. 5), affirming 4 T.C. 1069, acq. 1945 C.B. 6. We think that petitioner, a certified public accountant who is familiar with both Federal and State income taxes, who extensively participated with

---

[1] Sec. 6651(a), I.R.C. 1954, provides:
SEC. 6651. FAILURE TO FILE TAX RETURN.
(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof) * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.
Respondent need not assert that petitioner was willfully negligent. The addition to the tax must be made unless it is shown that the failure to file was due to reasonable cause. *Beck Chemical Equipment Corporation,* 27 T.C. 840, 858.

[2] Pagano and Schmitt, in affidavits submitted to respondent, stated that they were unable to establish the value of the estate assets with the New York taxing authorities, and that the estate had insufficient liquid assets to pay the tax, until after the due date. Petitioner does not contend in his brief that such reasons constitute "reasonable cause." Such return could have been timely filed, without remittance, estimating the value of the estate assets.

Schmitt in matters dealing with the estate tax return, who signed an "Estate Tax Preliminary Notice" which contained, in bold print, "Notice.—Failure to file a required return on Form 706 within 15 months from the date of death may render executors, administrators, and persons in actual or constructive possession of the decedent's property liable for penalties," who "may have known" the due date for filing, did not exercise ordinary business care and prudence.

Pagano did not rely solely on Schmitt in respect of valuing assets of the estate, and there is no reason why he should have relied solely on him to file the return. The timely filing of a return is an important responsibility of an executor, and considering Pagano's general tax experience and that such responsibility does not involve any special knowledge of the intricacies of estate tax law, there is no justification for his abdication of that responsibility, particularly in view of the clear admonition on the "Estate Tax Preliminary Notice" signed and filed by him. This is not a situation where an executor who is not well versed in tax law and in business matters relies completely on a tax expert to handle such matters concerning the estate, and merely furnishes the expert with the necessary information without further participation. Here petitioner actively participated in such matters, and although he may not have been familiar with estate taxes in detail, he certainly was familiar with the due dates of tax returns generally and the possible penalties as a result of late filing.

Under the particular facts of this case, we cannot conclude that petitioner reasonably relied on Schmitt to file the estate tax return on time. "[P]ersons who undertake to act as executors do not meet the required standard of care merely by employing an attorney to represent them. They must assume at least the minimum responsibility of seeing to it that the attorney acts with diligence." *Ferrando, Co. Exec.* v. *United States*, 52 A.F.T.R. 1924 (D.C. Cal.), 56–2 U.S.T.C. pars. 11,615, 11,616, affirmed 245 F. 2d 597 (C.A. 9). Considering petitioner's general familiarity with tax law and the fact that the due date of the return was clearly called to his attention on the "Estate Tax Preliminary Notice," we think that petitioner's minimum responsibility was to see that the return was timely filed. And by not doing so, petitioner failed to exercise the ordinary business care and prudence that could reasonably be expected of him.

Petitioner's reliance on *Haywood Lumber & Mining Co.* v. *Commissioner*, 178 F. 2d 769, 770–771 (C.A. 2), is misplaced. There the taxpayer did not know that it qualified as a personal holding company under the statute. The taxpayer reasonably relied upon a tax adviser to inform it of such fact and the latter failed to do so. The court did not deal with the liability of a taxpayer that knew it had to file a personal holding company return and that relied on an

expert to file it on time. Nor is *Fisk's Estate* v. *Commissioner*, 203 F. 2d 358, 359 (C.A. 6), reversing a Memorandum Opinion of this Court, applicable; it did not appear that the taxpayer knew the due date of the return, had the background in tax matters that Pagano has, or worked closely with the attorney in respect of estate matters. On the facts before us, we find that failure to file the return on time was not due to reasonable cause.

*Decision will be entered for the respondent.*