**John B. FLEMING, Personal Representative of the Estate of John J. Fleming, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 80–1588.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1980.

Decided May 18, 1981.

Michael W. Fleming, Michael W. Fleming & Assoc., Milwaukee, Wis., for plaintiff-appellant.

Carleton D. Powell, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before SWYGERT, Judge, SKELTON, Senior Judge *, and CUDAHY, Judge.

---

4. Circuit Rule 18 shall apply to the trial of the product liability issue.

* The Honorable Byron G. Skelton, Senior Judge of the United States Court of Claims, sitting by designation.

SKELTON, Senior Judge.

This is an appeal by John B. Fleming (taxpayer), personal representative of the estate of John J. Fleming, deceased, from a judgment of the United States District Court of the Eastern District of Wisconsin, denying him a refund of $28,688.64 and awarding the United States $5,229.62, plus interest, on its counterclaim for interest. The amount not refunded, which is the only amount in issue on appeal, represents penalties paid by the personal representative as a result of his late filing of the federal estate tax return and the late payment of taxes due. The opinion of the District Court (Judge Robert W. Warren), awarding summary judgment in favor of the United States (defendant) is reported at 483 F.Supp. 284. Judgment was entered on February 21, 1980, and the estate filed a timely notice of appeal on April 18, 1980. The jurisdiction of this court is conferred by 28 U.S.C. § 1291.

The facts in this case are not in dispute. The decedent, John J. Fleming, died intestate on January 18, 1972. Under Section 6075 of the Internal Revenue Code of 1954, a federal estate tax return was required to be filed, and the taxes paid, within nine months after the decedent's death, and not later than October 18, 1972. However, the return was not filed or the taxes paid until August 22, 1973, more than 10 months after the due date.

The personal representative of the decedent's estate is the decedent's son (taxpayer). Taxpayer retained, as the attorney for the estate, his cousin, Michael W. Fleming. He had graduated from the Marquette University Law School in May 1966, and had had substantial experience in the preparation of income, inheritance, and estate tax returns. Taxpayer was appointed as personal representative of the estate shortly after the decedent's death, and, upon discovering that the estate of his mother, Carolyn Fleming, (handled by different counsel) had not yet been closed, arranged to be appointed the successor personal representative of her estate. The estate of Carolyn Fleming was closed on August 7, 1972, following the preparation and filing of federal and state fiduciary income tax returns, a Wisconsin inheritance tax return, and a federal estate tax return.

Taxpayer encountered various difficulties in preparing the decedent's tax return. Thus, although the decedent's estate was an heir of the estate of Carolyn Fleming, the value of that interest could not be ascertained until Mrs. Fleming's estate was closed. There were also problems in ascertaining the extent and value of the decedent's interests in various real estate ventures and in certain stock of a corporation conducting business in the Bahama Islands. In light of these difficulties, taxpayer signed and filed with the Milwaukee County Court a petition requesting additional time in which to file an inventory of the decedent's estate in the probate proceedings in that court. The petition was filed on August 28, 1972, and was granted the same day. The inventory was filed on July 18, 1973.

Between May and October of 1972, taxpayer and his attorney had a number of discussions about the deadline for filing the federal estate tax return. Taxpayer was advised by his attorney several times that it had to be filed by October 18, 1972. The attorney also told taxpayer that, in addition to seeking the extension from the Milwaukee County Court for filing the inventory, it would be necessary to apply to the Internal Revenue Service for an extension of time in which to file the return and pay the estate tax of decedent. In early October, 1972, the attorney informed taxpayer that he had prepared such an application and that it had been forwarded to the Internal Revenue Service for filing prior to the due date. The attorney stated in an affidavit that he had never prepared such an application for extension before and that he assumed the time to file the return and pay the tax was extended automatically when the application was filed, unless notice to the contrary was received from the Internal Revenue Service and that no such notice had been received. Taxpayer stated that his attorney told him that the effect of the

filing of the application was to automatically extend the time for filing the return and payment of the tax for one year, until October 18, 1973. Taxpayer said that he relied upon this statement of his attorney.

However, the facts show that no application for extension was ever sent to the Internal Revenue Service. While the attorney said that he drafted an application in longhand and turned it over to his secretary for typing and mailing, it was never signed nor sent to the Internal Revenue Service.

Ten months after the due date, on August 22, 1973, the estate filed the tax return and paid a tax of $100,056. On November 13, 1975, the attorney received notice of an addition to tax of $28,688.64, plus a deficiency of $978.17. That amount, totaling $29,666.81, was paid to the government nearly 30 months later, on March 30, 1978. Taxpayer then filed a timely administrative claim for refund, which was denied by the Internal Revenue Service. Thereafter, taxpayer commenced this suit for refund in the district court. The United States denied the material allegations of the complaint and counterclaimed for $5,229.62, plus interest. This amount represents an assessment against taxpayer for the interest that accumulated during the 30-month period between assessment of· the late filing and late payment penalties in November, 1975, and their payment by the estate in March, 1978.

Based on the affidavits, exhibits, and answers to interrogatories on file, both parties moved for summary judgment. The district court held in favor of the government, denying all relief to the taxpayer and entering judgment for the United States on its counterclaim. The court held itself bound by this court's decision in *United States v. Kroll*, 547 F.2d 393 (1977), to the effect that the executor of an estate has a personal, non-delegable duty to file the return on time, and accordingly found that any reliance by taxpayer on his attorney's statements regarding the filing of an alleged extension application and the effect thereof did not constitute "reasonable cause" within the meaning of Section 6651(a), Internal Revenue Code of 1954.

From the portion of the judgment denying any refund, taxpayer now appeals.[1] The question here presented is whether there was reasonable cause under the statute for the late filing of the return and the late payment of the tax. We affirm the judgment of the district court.

■ Section 6651(a)(1) of the Internal Revenue Code of 1954 provides in relevant part that *if a tax return is not timely filed*, there shall be added to the tax due 5 percent for each month the return is unfiled, not to exceed 25 percent of the tax due, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Similarly, Section 6651(a)(2) provides for imposition of a penalty of 0.5 percent a month (up to 25 percent of the tax due) *for the late payment of the tax*, unless reasonable cause for the late payment is established. The applicable regulation states that in order to establish "reasonable cause", a taxpayer filing a late return must show that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." Treasury Regulations on Procedure and Administration (1954 Code), 26 CFR, § 301.6651--1(c)(1). It is well established that when a return is filed late, imposition of the Section 6651(a)(1) penalty is mandatory unless the executor can demonstrate both his lack of willful neglect and the presence of reasonable cause. *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 853 and fn. 17 (5 Cir. 1966); *Ferrando v. United States*, 245 F.2d 582, 587, 589 (9 Cir. 1957); *Richter v. United States*, 440 F.Supp. 921, 923 (Minn., 1977); *Estate of Mayer v. Commissioner*, 43 T.C. 403, 405 fn. 1(1964), *aff'd per curiam*, 351 F.2d 617 (2 Cir. 1965), *cert. denied*, 383 U.S. 935, 86 S.Ct. 1064, 15 L.Ed.2d 852 (1966).

---

1. Taxpayer does not appeal from the portion of the judgment which granted the United States recovery on its counterclaim.

██ Taxpayer contends that he had reasonable cause for the late filing of the return because he relied on his attorney's statement that he had filed an application for an extension and that such filing automatically extended the filing date one year to October 18, 1973. He argues that under the circumstances he exercised ordinary business care and prudence but was unable to file the return within the prescribed time due to the complex nature of his father's estate as described above. He says that because of these facts, the late filing penalty should not be assessed. We do not agree.

There are many reasons why taxpayer's reliance on his attorney's statements was not reasonable. In the first place the attorney did not file an extension application. In the second place, even if he had filed it, an extension would not have been automatic. Thirdly, no extension was granted by the IRS. In the fourth place, even if the IRS had granted an extension, it could only have been granted for a maximum of 6 months. *See* Title 26 U.S.C. § 6081(a). Taxpayer knew that the return had to be filed on or before October 18, 1972, unless an extension was granted. He knew the procedure to be followed, as he had obtained an extension of time within which to file an inventory of his father's estate (the estate involved here) in the probate court of Milwaukee County wherein he had to sign the application and see that the court granted the extension. He knew that an extension was necessary because his attorney had told him it was required. Yet he did nothing to see that it was granted. He relied blindly on his counsel.

This case cannot be included in the category of cases that hold that a taxpayer will be held to have established reasonable cause for not filing a return if he shows that he has consulted an attorney or accountant and has made full disclosure to him of all pertinent information, and has been advised that no return need be filed. *See Commissioner v. American Ass'n of Engineers Employment, Inc.*, 204 F.2d 19 (7 Cir. 1953), and *Burton Swartz Land Corp. v. Commissioner of I. R. S.*, 198 F.2d 558 (5 Cir. 1952). The theory and rationale of these cases explain that if a taxpayer has used reasonable care to ascertain whether a return is required to be filed and has been advised by a qualified professional that a return need not be filed, he has done all that can be expected of him and he can rely on the advice so given.[2]

However, the case before us presents an entirely different situation. The facts show that the taxpayer had personal knowledge that a return had to be filed by October 18, 1972. Many cases hold that when a taxpayer knows that a return must be filed, he has a personal, non-delegable duty to see that the return is filed on time, and the negligence or failure of his attorney to prepare and file the return does not constitute reasonable cause for a late-filing by the taxpayer and a penalty will be imposed. The leading case in this regard is *Kroll, supra. See also Millette & Assoc., Inc. v. Commissioner*, 594 F.2d 121, 124–125 (5 Cir. 1979), *cert. denied*, 100 S.Ct. 207, 444 U.S. 899, 62 L.Ed.2d 135 (1979); *Logan Lumber Company v. Commissioner*, 365 F.2d 846 (5 Cir. 1966); and *Estate of Duttenhofer v. Commissioner*, 49 T.C. 200, 204–206 (1967), *aff'd per curiam*, 410 F.2d 302 (6 Cir. 1969).

In *United States v. Kroll, supra*, this court held:

Thus, we hold that, when there is no question that a return must be filed, the taxpayer has a personal, non-delegable duty to file the tax return when due. 547 F.2d at 396.

In that case the court held that the taxpayer's reliance on his attorney to file a return did not constitute reasonable cause for a late-filing of the return, and a penalty was accordingly imposed. The court distinguished the cases where the taxpayer had been advised by counsel that no return had to be filed from those like in *Kroll* where

---

**2.** This is not an inflexible rule. The taxpayer may still be liable for the penalty if there are circumstances which make it unreasonable for him to rely on advice that a return need not be filed. *See Coates v. Commissioner*, 234 F.2d 459 (8 Cir. 1956); and *Educational Fund of Electrical Industry v. United States*, 426 F.2d 1053 (2 Cir. 1970).

the taxpayer knew that a return was due, saying:

In the cases holding that no penalty may be imposed because of good-faith reliance on counsel, the question was whether a return had to be filed. The advice relied on related to that question. Those cases do not sanction an abdication of responsibility for the timely filing of a return admittedly due. *See, e. g., Burton Swartz Land Corp. v. Commissioner of Internal Revenue,* 198 F.2d 558 (5th Cir. 1952); *Orient Investment & Finance Co. v. Commissioner of Internal Revenue,* 83 U.S.App.D.C. 74, 166 F.2d 601 (1948); and *Hatfried, Inc. v. Commissioner of Internal Revenue,* 162 F.2d 628 (3rd Cir. 1947). 547 F.2d at 397.

We are bound to follow the *Kroll* decision in this case. We re-affirm the principles therein set forth. The court was on sound ground when it said:

An entirely different situation is presented where a penalty is assessed because a return, although filed, is filed after the due date. This situation often arises where a taxpayer knows that he must file a return, but entrusts the preparation and filing of the return to an attorney or an accountant. Any layman with the barest modicum of business experience knows that there is a deadline for the filing of returns and knows that he must sign the return before it is filed. If, in addition, the taxpayer in a given case knows the exact date of the deadline, then the failure of his attorney or accountant to present him with the return for his signature before that date must put him on notice that reliance on the attorney or accountant is not an exercise of ordinary business care and prudence. 547 F.2d at 396.

As pointed out above, the taxpayer in the instant case not only knew a return had to be filed, but also knew the date of the deadline. The *Kroll* case is squarely in point.

Taxpayer cites *Rohrabaugh v. United States,* 611 F.2d 211 (7 Cir. 1979) for the proposition that *Kroll* does not hold per se

that reliance upon counsel for timely filing of a return is never sufficient to constitute reasonable cause. Even if this is so, it is of no help to taxpayer. The two cases are distinguishable because in *Rohrabaugh* the taxpayer did not know the due date for the filing of the return as did the taxpayer in *Kroll,* as well as in the instant case. Furthermore, the court stated in *Rohrabaugh* that decisions in this area of the law must be decided on a case by case basis depending on the facts. Its decision in that case did not conflict with the *Kroll* decision as shown by the statement of the court:

We would have no difficulty in reaching the *Kroll* result if facts similar to *Kroll* were involved in the present case. 611 F.2d at 216.

Taxpayer also cites *Gray v. United States,* 453 F.Supp. 1356 (W.D.Mo.1978) and *Estate of Di Palma v. Commissioner,* 71 T.C. 324 (1978) in support of his claim. However, both cases are distinguishable, because the refunds of late-filing penalties were allowed on the basis that the taxpayers did not know the due dates of the returns. A contrary opinion has been handed down recently by the Eighth Circuit Court of Appeals in the case of *Estate of Clarence I. Lillehei, Dec'd., James P. Lillehei, Executor v. Commissioner,* 638 F.2d 65 (8th Cir. 1981), in which the court affirmed a decision of the tax court holding that the taxpayer's reliance on his attorney to file a return on time did not constitute reasonable cause where the taxpayer made no effort to find out when the return was due, nor to follow up with his lawyer to make sure the return was not filed late.

The taxpayer in the instant case argues that he did not know when the return was due since his attorney gave him wrong information about an extension and, therefore, a refund of the penalty should be allowed as in the cases discussed above where the taxpayers did not know the due dates of their returns. We do not agree. The taxpayer had a personal non-delegable duty to file the return on time and this duty extended to and encompassed the proper and timely filing of an application for an

extension and the ascertainment that an extension had been granted. This was especially true in this case because the taxpayer knew that an extension had to be obtained.

In the case before us, the attorney was the agent of the taxpayer. There is no question that the attorney was negligent in not filing the application for an extension and in not informing himself and advising the taxpayer as to the provisions of the tax laws regarding the filing of an estate tax return and the obtaining of an extension of its due date. The taxpayer was charged with the knowledge, or lack of it, of his agent. *See* Restatement of Agency 2d, §§ 9(3), 10, 272 and 277; *Bowen v. Mount Vernon Savings Bank,* 105 F.2d 796 (D.C. Cir.1939); and *Union Insurance Exchange, Inc. v. Gaul,* 393 F.2d 151, 155 (7 Cir. 1968). Accordingly, the attorney's negligence here cannot be transmuted into reasonable cause for the late filing of the return by the taxpayer.

Following the decision of this court in *Kroll,* we hold that in the instant case where the taxpayer knew that an estate tax return must be filed and knew the due date, and also had knowledge that an application for an extension of the due date must be filed, and an extension obtained, he had a personal non-delegable duty to see that the extension application was properly and timely filed and that the extension had been granted by the I.R.S., and that the return was filed within the extended period. We hold further that the reliance by the taxpayer on his attorney to perform these duties did not constitute reasonable cause for the late filing, since the attorney failed to perform the duties entrusted to him, and under such circumstances the imposition of the late-filing penalty was proper.

The judgment of the district court is affirmed.

AFFIRMED.

SWYGERT, Circuit Judge, concurring.

I agree with Judge Skelton's well-reasoned opinion. Because of my position on

the panel in *United States v. Kroll* and my dissent in *United States v. Rohrabaugh,* the two cases that form the framework of this opinion, I would like to add a few comments.

I agree with Judge Cudahy that we are not in the business of providing work for the tax bar, but it is the position of his dissent (and that of the majority in *Rohrabaugh*) that creates more employment for tax attorneys. Because of *Rohrabaugh,* in every case where a taxpayer or his attorney neglects to file an estate tax return on time, there is a possibility of avoiding any adverse consequences. The threat of the penalty statute is thus weakened. Moreover, courts in every such case (as in this one) must decide whether the situation resembles more closely that in *Kroll* or that in *Rohrabaugh.* I can think of no better way to create litigation for the tax bar and to assist them in avoiding responsibility for their own negligent actions.

This decision does not produce a windfall for the Government, as the dissent suggests. There is no reason for the Government to bear the burden of the late filing that was created by the taxpayer's own failure to exercise reasonable care or by his attorney's neglect to file the application for an extension. If, perhaps, the result is unfair to the taxpayer, then it is up to him to recover the penalty from his negligent counsel. The Government is entitled to its statutory penalty.

CUDAHY, Circuit Judge, dissenting.

The majority here guts whatever meaning may inhere in the phrase "reasonable cause" and in effect imposes vicarious liability on the taxpayer for the late filing of the return and late payment of the tax.

A proper starting point for analysis must be the Treasury regulation which defines "reasonable cause" as the exercise of "ordinary business care and prudence." 26 C.F.R. § 301.6651–1(c)(1). Although perhaps lacking in total intellectual symmetry,[1]

---

1. The phrases "reasonable cause" or "ordinary business care and prudence" would seemingly

encompass the reliance of a taxpayer on his attorney in any legal matter, at least where

the decisions of this and other courts appear to distinguish between two factual settings with respect to what constitutes "reasonable cause." In the first, a taxpayer seeks advice from an attorney concerning whether a return must be filed. The attorney advises his client that no return is required. Assuming that the matter is sufficiently complex to make it reasonable for the taxpayer to rely on his counsel, such reliance excuses a late filing. *Commissioner v. American Association of Engineers Employment, Inc.*, 204 F.2d 19 (7th Cir. 1953). This common sense result is entirely sound because the attorney is rendering an opinion on the subject of his own professional expertise—the law—which a layman has no practical means of verifying from his own resources. *See Rohrabaugh v. United States*, 611 F.2d 211, 217 (7th Cir. 1979).

Another line of cases holds that when a taxpayer knows that a *return* (as distinguished from an application for an extension of time) is due on a particular date, he may not rely on his attorney to file the return by that date but must personally verify the filing. This is the situation addressed by *United States v. Kroll*, 547 F.2d 393 (7th Cir. 1977).[2] In *Kroll*, the taxpayer knew that the estate tax return was due but did not ask his attorney whether the return had been filed. In that situation, of course, the taxpayer would have had personally to sign the return. "[A]ny layman with the barest modicum of business experience ... knows that he must sign the return before it is filed." *Kroll*, 547 F.2d at 396. In addition, in *Kroll* the taxpayer knew that he had not been called upon to draw a check on the estate to pay the tax.

The resemblance of the instant case to *Kroll* is not apparent; *Rohrabaugh* and *American Association of Engineers* provide more relevant precedents. For this is a "legal opinion" case where the attorney told

the taxpayer that the legal effect of filing the application for an extension was to automatically extend the time for filing the return and payment of the tax for one year. The majority does not suggest what the taxpayer should do in the face of such an opinion—challenge the attorney and read the Internal Revenue Code provisions and regulations himself? Without even a beginning tax course in law school, the futility of this approach is apparent. Or I suppose one might consult a second attorney, although I do not understand our function to be providing work for the tax bar.

*Kroll* is also distinguishable from the instant case because the nature of the attorney's advice in this case required no follow-up. Here, the taxpayer was told that the extension was granted automatically for one year, and unlike *Kroll*, there was no reason at all to determine whether there was a tax return to sign. Quite unlike *Kroll* (and contrary to the implication of the majority), the taxpayer himself did not have to sign the application for an extension of time. He could quite reasonably and in normal course rely on his lawyer to perform this perfunctory and ministerial act. Although the extent of the taxpayer's knowledge on this point is unclear, the relevant form authorizes the taxpayer's attorney to file for an extension of time. *See* I.R.S. Form 4768. No case has held that a client must supervise the work of his lawyer's secretary or personally determine whether the attorney's signature was in fact affixed to the documents he was preparing. The taxpayer was informed by his attorney that the application had been filed. Majority opinion at 1123. In light of the attorney's other legal advice concerning the effect of the application, the taxpayer could quite reasonably let the matter rest while closing the estate and filing the estate tax return well within what he understood to

there are not other circumstances that would render that reliance unreasonable.

**2.** If *Kroll* can be successfully distinguished from *Rohrabaugh*, a matter of some doubt, the taxpayer's knowledge and awareness of when

the *return* was due in *Kroll* provides the distinction. In connection with other circumstances (such as the taxpayer's need *personally* to sign the return), his knowledge of the due date made it unreasonable in *Kroll* for him to rely on his attorney.

be the one-year extension period. In *Kroll*, on the other hand, the duty delegated to the attorney (filing the return itself) could not be completed without the taxpayer at some point personally signing the return.

As I have suggested the majority also seems to rely on an agency theory to sustain the liability of the taxpayer. Majority opinion at 1127. This approach was advocated by Judge Swygert in his dissent in *Rohrabaugh*, 611 F.2d at 219–20, and was, I believe, rejected by the majority in that case. If the knowledge of the taxpayer's attorney had been imputed to the taxpayer in *Rohrabaugh*, the government would have prevailed. The long line of cases from this and other circuits which have found "reasonable cause" where the attorney incorrectly advised the taxpayer that no return need be filed have also implicitly rejected an agency approach under Section 6651(a)(1). *See Commissioner v. American Association of Engineers Employment, Inc.*, 204 F.2d 19 (7th Cir. 1953); *Haywood Lumber & Mining Co. v. Commissioner*, 178 F.2d 769 (2d Cir. 1950); *Orient Investment & Finance Co. v. Commissioner*, 166 F.2d 601 (D.C.Cir.1948); *Hatfried, Inc. v. Commissioner*, 162 F.2d 628 (3d Cir. 1947). *Rohrabaugh* and these other cases preclude a vicarious liability approach and forbid the imputation of the attorney's knowledge to the taxpayer.

Here, the majority points out no specific in which the taxpayer has not acted with "ordinary business care and prudence." 26 C.F.R. § 301.6651–1(c)(1). Those instances relied on by the majority, majority opinion at 1125, all pertain to matters as to which the taxpayer could reasonably rely on his attorney's "legal opinion." Under these circumstances, the imposition of heavy penalties is a windfall to the government adding to the widespread belief in the unfair and arbitrary nature of much government procedure. I, therefore, respectfully dissent.

