Fred L. CARMEAN, Executor of the Estate of Ruth I. Carmean, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 328–82T.

United States Claims Court.

Dec. 23, 1983.

John P. Rice, Cleveland, Ohio, for plaintiff.

Abraham Gutwein, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

TIDWELL, Judge:

This is an action to recover $28,889.04[1] paid by plaintiff, in estate taxes, penalties and interest assessed to the estate of Ruth I. Carmean. Plaintiff and defendant have both moved for summary judgment. At the oral argument, held on December 12, 1983, the court ruled, based upon careful review of the record and listening to argument, that plaintiff's Motion for Summary Judgment should be denied and Defendant's Cross Motion for Summary Judgment should be granted. This opinion sets forth in more detail the reasons for the decision.

### FACTS

On December 5, 1977, Ruth I. Carmean, a resident of Crawford County, Ohio, died testate. Under the terms of her will all of her property, both real and personal, passed to plaintiff. Plaintiff was named as executor by the will and was so appointed by the Probate Court of Crawford County, Ohio, on December 12, 1977. At the time of her death, Ruth I. Carmean owned an undivided one-half interest in 187 acres of farm land situated in Crawford County.

Plaintiff employed Robert L. Brown, an attorney, to perform legal services in connection with the administration of the estate and to file the required federal estate tax returns. On a number of occasions, plaintiff instructed Mr. Brown to use the special use valuation method provided for in section 2032A of the Internal Revenue Code of 1954 (26 U.S.C. 2032A) (1976) in valuing the estate's one-half interest in the 187 acres of farm land for federal estate tax purposes. Plaintiff assisted Mr. Brown in gathering information necessary to elect the alternate valuation method, and instructed him to timely file an estate tax return. Plaintiff also inquired periodically as to the status of the matter.

The federal estate tax return, which was due on September 5, 1978, nine months after decedent's death (IRC 6075(a)) was prepared by Mr. Brown and executed by plaintiff on September 22, 1978. The return was mailed on September 23, 1978, and was received by the Internal Revenue Service (IRS) on September 25, 1978, 20 days late. The return, using the special use valuation

---

1. Plaintiff's petition prays for $28,576.44 plus interest. However, after adding the component parts of this figure as alleged in plaintiff's peti- tion, it is apparent to the court that plaintiff miscalculated the total, which should be $28,-889.04.

method, showed plaintiff's interest in the 187 acres of farm land as valued at $81,551.33 with $13,805.19 due for estate taxes. Payment in the amount of $13,805.19 was remitted with the return representing the tax due, plus $57.28 for late payment of the tax as computed by Mr. Brown.

On November 6, 1978, penalties of $618.66 and $68.74 were assessed against the estate by IRS for failure to timely file the return and for failure to timely pay the tax shown on the return, respectively. Subsequently, on July 11, 1980, the IRS sent plaintiff a statutory notice of deficiency for estate taxes of $26,560.99 and a penalty of $1,328.05 for failure to timely elect the special use valuation. The deficiency was based on the IRS' valuing plaintiff's interest in the 187 acres of farm land at $170,000, the fair market value at the time of decedent's death. The deficiency and penalties plus assessed interest were paid by the estate on January 5, 1981.

On April 20, 1981, plaintiff filed a claim for refund with the IRS. After waiting the required six months for the Commissioner to respond,[2] plaintiff filed suit in this court on July 6, 1982, seeking judgment against the United States in the amount of $28,889.04[3] with interest from September 4, 1978 and costs. On December 21, 1982, plaintiff filed an amended estate tax return for the estate of Ruth I. Carmean. Plaintiff apparently filed this amended return as an attempt to make the election to use the special use valuation method on a late return as purportedly permitted by Treas. Reg. § 20.2032A–8(d), T.D. 7710, July 31, 1980. Both parties have moved for summa-

ry judgment. While plaintiff failed to so plead, this court has jurisdiction under 28 U.S.C. § 1491.[4]

## DISCUSSION

■ We turn now to the cross-motions for summary judgment. Summary judgment is appropriate only where there are no issues of material fact in dispute and judgment is appropriate as a matter of law. *South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281, 289 (1982). Upon careful examination of the pleadings, submitted papers and oral arguments, the court concluded, after construing the respective motions in a light most favorable to the opposing parties, that there were no genuine issues of material fact and that this action was ripe for summary judgment.

### I.

### *IRC 2032A Election*

Section 2032A of the Internal Revenue Code of 1954[5] provides that an executor may, if the estate meets certain specified conditions, elect for estate tax purposes, to value a farm at its actual use value rather than at customary fair market value.[6] For purposes of its motion, defendant does not dispute that the farm property in question met the substantive conditions of section 2032A. Nor does plaintiff dispute that the fair market value of the property at the time of Ruth I. Carmean's death was other than $170,000. The only issue which the parties contest is whether plaintiff made a timely election. The relevant IRC section as amended in 1977 stated:

2. IRC 6532 (1954).

3. Corrected from $28,576.44, *see supra,* Note 1.

4. 28 U.S.C. § 1491(a)(1) states in part that "The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either on the Constitution, or any Act of Congress or any regulation of an executive department ..." While we have jurisdiction, plaintiff must also have complied with the prerequisites necessary to bring suit for a tax refund in this court which it has. IRC § 6532 provides that a refund suit cannot be filed until six months after

the claim was filed with the IRS or such claim has been formally rejected, whichever occurs first.

5. 26 U.S.C. 2032A was added to the Internal Revenue Code of 1954 by the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, effective for decedents dying after December 31, 1976.

6. H.R.Rep. No. 94–1380, 94th Cong., 2d Sess. at 22–23, U.S.Code Cong. & Admin.News 1976, 2897 (1976–3 Cum.Bull. (Vol. 3) 735, 756, 757) summarizes these specified conditions.

(d) *Election; Agreement.—*

(1) *Election.*—The election under this section shall be made *not later than the time prescribed by section 6075(a) for filing the return of tax* imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe. IRC 2032A(d)(1) (1976). (Emphasis added.) [7]

At the time of Ruth I. Carmean's death, regulations had not been promulgated by the Secretary prescribing the manner or form by which elections were to be made under IRC 2032A(d)(1); accordingly, we must look to the bare language of IRC 2032A(d)(1) to determine if plaintiff made a timely election. In reaching our decision we first dispose of plaintiff's substantive claims. Plaintiff makes two arguments supporting its position that the election was made in a timely manner.

■ First, plaintiff, under oath, stated that he told his attorney, Mr. Brown, that he wanted to elect to use the special use valuation method and that Mr. Brown should take whatever steps were necessary to assure that goal. Plaintiff argues that inasmuch as the subject election was not required to be made on the estate tax *return* until after the enactment of the Economic Recovery Tax Act of 1981, effective for decedents dying after December 31, 1981, section 421(k) of Pub.L. 97–34, that by informing his attorney of his desire to make the election prior to the passage of nine months from decedent's death, plaintiff satisfied the requirements of IRC 2032A(d)(1) as it stood at that time. Plaintiff's argument is really very simplistic; *i.e.,* if he formed the subject intent to use the special use valuation method within the time permitted, that bare "election" without more is sufficient to satisfy the law. We disagree with plaintiff. An election presupposes the communication of that intent to the IRS. Plaintiff not only was late in notifying the IRS of his election, but his intentions to

elect were mere oral communications to his attorney and apparently were not formalized in written form until after the filing deadline when plaintiff signed the return.

In an analogous situation our predecessor court, the United States Court of Claims stated, ". . . intent is not a substitute for a proper election." *Knickerbocker Const. Corp. v. United States,* 179 Ct.Cl. 61, 66, 373 F.2d 978, 980 (1967). In *Knickerbocker,* plaintiff wished to benefit itself of the election provided in IRC 6152 to pay its corporate income taxes in two installments. The applicable Treasury Regulations allowed the installment election to be made on a request for extension of time within which to file the return, so long as 50 percent of the corporate taxpayer's estimated tax liability was remitted at such time. In timely filing its request for extension of time, plaintiff failed to indicate that the amount of tax shown due thereon represented an installment payment rather than its entire tax liability. To support its position, plaintiff later submitted its counsel's affidavit to the effect that electing the installment payment privilege was indeed its intent. The court held, however, that plaintiff had not properly made the installment payment election because:

> . . . the facts will be viewed objectively to meet the provision's general purpose of giving notice of an election to the Internal Revenue Service. The most plaintiffs can show here is a subjective intent to elect.

179 Ct.Cl. at 66, 373 F.2d at 980.

Consistent with this reasoning, we hold in the case before us that plaintiff failed to timely elect the special use valuation method under IRC 2032A because no notice was timely communicated to the IRS.

■ Plaintiff's second argument is based on Treas.Reg. § 20.2032A–8(d) which was first proposed on July 13, 1978, seven months after decedent's death, and promul-

---

7. Section 6075(a) reads as follows:

   (a) *Estate Tax Returns.*—Returns made under section 6018(a) (relating to testate tax-

es) shall be filed within 9 months after the date of the decedent's death.

gated in final form on July 28, 1980 (T.D. 7710, 45 Fed.Reg. 50743).

The regulation states in part that:

\* \* \* \* \* \*

Elections that are made on or before August 30, 1980, that do not comply with this section as proposed on July 13, 1978 (43 FR 30070), and amended on December 21, 1978 (43 FR 59517), must be conformed to this final regulation by means of an amended return before the original estate tax return can be finally accepted by the Internal Revenue Service.

Plaintiff argues that by virtue of Treas. Reg. § 20.2032A–8(d) the amended estate tax return he filed on December 21, 1982 cured the untimely election attempted with the September 23, 1978 return. However, we hold that this subsection of the regulation was intended to apply only to the situation where an election was timely made on a return, but where the return did not include the required items of information or consent agreement as described by subsections (a)(3) and (c) of Treas.Reg. § 20.-2032A–8.

We hold that Treas.Reg. § 20.2032A–8(d) is applicable only where a timely election was initially made. Since plaintiff did not make a timely election at the outset, he cannot avail himself of Treas.Reg. § 20.-2032A–8(d) to cure his invalid election by filing an amended federal estate tax return at this late date.

## II.

### Penalties for Late Filing

Section 6651(a)(1) of the Internal Revenue Code of 1954[8] states that if a tax return is not filed "on the date prescribed therefore (determined with regard to any extension of time for filing)" there shall be a 5% tax due for each month the return is not filed, not to exceed 25% of the tax due, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." In addition, section 6651(a)(2) imposes a penalty of 5% per month (up to 25%

of the tax due) for the late payment of tax unless reasonable cause for the late payment is shown. The applicable regulation states:

If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause.

Treas.Reg. § 301.6651–1(c)(1) (1954).

Plaintiff contends that he exercised ordinary business care by relying on his attorney to file the estate tax return. Plaintiff further argues that by turning the estate tax return over to Mr. Brown, by instructing him to timely file, and by inquiring periodically into the status of the return, plaintiff should not be assessed the late filing penalties. We disagree.

A long line of cases hold that when a taxpayer knows that a return must be filed on a particular date, he may not rely on his attorney to file the return. The leading case is *United States v. Kroll,* 547 F.2d 393 (7th Cir.1977), in which the court held that:

"when there is no question that a return must be filed, the taxpayer has a personal, non-delegable duty to file the return when due."

547 F.2d at 396. *See also, Boeving v. United States,* 650 F.2d 493 (8th Cir.1981); *Fleming v. United States,* 648 F.2d 1122 (7th Cir.1981); *Lillehei v. Commissioner,* 638 F.2d 65 (8th Cir.1981); *Millette & Assoc., Inc. v. Commissioner,* 594 F.2d 121 (5th Cir.1979), *cert. denied,* 444 U.S. 899, 100 S.Ct. 207, 62 L.Ed.2d 135 (1979); *Logan Lumber Company v. Commissioner,* 365 F.2d 846 (5th Cir.1966); and *Estate of Geraci v. Commissioner,* 502 F.2d 1148 (6th Cir. 1974); *Estate of Duttenhofer v. Commissioner,* 49 T.C. 200 (1967), *aff'd per curiam,* 410 F.2d 302 (6th Cir.1969).

Plaintiff's reliance on his attorney is analogous to the reliance in *Fleming.* In *Fleming,* the taxpayer-executor of the estate held repeated discussions with the attorney about the deadline for filing the federal estate tax return. The attorney

---

**8.** IRC 6651(a)(1) (1954).

**186**

told taxpayer that merely filing the application would automatically extend the deadline for filing. The attorney also told taxpayer that an application for extension of time for filing had been sent to the IRS, when, in reality, the application never left the attorney's office. The *Fleming* court held that because taxpayer knew that a return was required and the date of the deadline, he had a non-delegable duty to see that the return was filed. *Fleming,* 648 F.2d at 1126.

In the present case, plaintiff states in an affidavit filed with his motion:

> 3. That affiant [plaintiff] was well aware of the provisions of Section 2032A of the Internal Revenue Code whereby he, as executor, and sole heir of said estate, could elect the alternate valuation under the agricultural evaluation formula.
>
> \* \* \* \* \* \*
>
> 6. That he did make the election to use the farm evaluation formula on the federal income tax return for said estate many months before the said federal estate tax return was due and did affirmatively make this election and did inform the said Robert L. Brown...

■ We hold that plaintiff's knowledge of IRC 2032A imposed a personal duty upon him to see that the return was timely filed and that this duty was non-delegable as established by *Kroll.* We further hold that the imposition of the penalties was proper.

Therefore, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted. Plaintiff's Complaint is to be dismissed and costs to be awarded to the prevailing party. *See* 28 U.S.C. 2412(a); RUSCC 54(d).

IT IS SO ORDERED.