ESTATE OF DOMINIC DI FIORE, DECEASED, RICHARD DI FIORE, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Di Fiore v. Commissioner
Docket No. 3340-85.
United States Tax Court
T.C. Memo 1987-588; 1987 Tax Ct. Memo LEXIS 577; 54 T.C.M. (CCH) 1168; T.C.M. (RIA) 87588; November 25, 1987. Roger E. Grove, for the petitioner. Thomass M. Rohall, for the respondent. GERBER *579 MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency, against the Estate of Dominic Di Fiore, in the amount of $ 196,225.59, and an addition to tax, pursuant to section 6651(a)(1), [1] in the amount of $ 103,158.54. After concessions, the issues remaining for our consideration are: (1) Whether petitioner is entitled to section 2032A special use valuation; and (2) whether petitioner is liable for additions to tax pursuant to section 6651(a)(1). Petitioner is the Estate of Dominic Di Fiore (decedent), who died on November 27, 1980. At the time the petition in this case was filed Richard Di Fiore, Executor of decedent's estate, resided in Yuba City, California. The case was submitted for decision on fully stipulated facts pursuant to Rule 12. The stipulation of facts and attached exhibits are incorporated herein by reference. FINDINGS OF FACT Decedent died testate, survived by his wife, Marion Di Fiore, and his adult son, Richard *580 Di Fiore (Richard). At the time of his death decedent owned interests in real property situated in the following counties in the State of California: Sutter, Santa Clara, and Stanislaus. The properties located in Sutter and Stanislaus were agricultural properties which represented 77 percent of decedent's estate. Decedent's gross estate was valued at $ 1,400,913, and the real property interests, including the agricultural property, were valued at $ 1,149,440. The properties situated in Sutter and Stanislaus counties were actively farmed by decedent for many years, including the last 8 years preceding his death. Decedent's son and his grandson, Richard A. Di Fiore, were also engaged in the farming of these properties. Pursuant to the terms of decedent's will, his property interests, including the agricultural land located in Sutter and Stanislaus counties, were left in trust for the benefit of decedent's surviving spouse for her life. Upon her death the trust would terminate and the assets would be distributed to Richard and decedent's grandchildren. Richard, Executor of decedent's estate, is a farmer with no experience or training in the administration of an estate or the *581 requirements for filing an estate tax return. The parties have stipulated that Richard was diligent in the performance of his duties with respect to the administration of the estate and maintained contact with his professional advisors on a frequent basis to determine the status of the probate administration. Richard relied solely on his professional advisors on a frequent basis to determine the status of the probate administration. Richard relied solely on his professional advisors for instructions on all matters related to the probate administration, including the filing of the estate tax return. The tax return for decedent's estate was due by August 27, 1981, pursuant to section 6075(a). On August 26, 1981, petitioner, acting through its accountant, Joseph Geraci, filed with respondent a Form 4768 (Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax) pursuant to which respondent granted a 6-month extension, thus extending the deadline for filing the estate tax return to March 1, 1982. On February 27, 1982, petitioner, acting through its accountant, filed another Form 4768 requesting another "Extension of Time to File" decedent's estate tax *582 return to July 27, 1982. Decedent's estate tax return was received by respondent on March 26, 1982. Respondent denied petitioner's second request for "Extension of Time to File" on June 11, 1982. On decedent's estate tax return the Executor elected to value the agricultural property interests located in Sutter and Stanislaus counties pursuant to section 2032A. Respondent denied the use of section 2032A special use valuation on the grounds that the return was not timely filed. The parties agree that the estate met the requirements of section 2032A in all other respects. OPINION Section 2031 provides that, for estate tax purposes, the value of property includable in a decedent's estate is generally the fair market value of said property as of the date of decedent's death. [2]Section 2032A provides, however, that under certain circumstances an executor may elect to value farming property on the basis of its actual use (farming) rather than its fair market value. [3] To qualify for the benefits of section 2032A special use valuation a number of requirements must be met. [4] The parties have *583 stipulated that all the requirements have been met with the exception of section 2032A(d) requirement that the return be timely filed. *584 Section 2032A(d)(1) provided that an estate may qualify for the special use valuation only if the executor elects to apply section 2032A "not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall be regulations prescribe." Section 6075(a) provides that "returns made under section 6018(a) (relating to estate taxes) shall be filed within 9 months after the date of the decedent's death." In addition, section 20.6075-1, Estate Tax Regs., provides in pertinent part, as follows: The estate tax return required by section 6018 must be filed on or before the due date. * * * The December 31, 1970, is, unless an extension of time for filing has been granted, the day of the ninth calendar month after the decedent's death numerically corresponding to the date of the calendar month on which death occurred, except that, if there is no numerically corresponding day in such ninth *585 month, the last day of the ninth month is the due date. * * * However, where it appears impossible or impracticable for the executor to file a reasonably complete return within 9 months from the date of the decedent's death, an extension of the time for filing the return may be obtained upon a showing of good and sufficient cause. Sec.20.6081-1(a), Estate Tax Regs. Section 6081 provides that "The Secretary may grant a reasonable extension of time for filing any return * * * required by this title or by regulations. Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months." Moreover, section 20.6081-1(a), Estate Tax Regs., specifically states that "unless the executor is abroad, the due date for filing the return under any extension granted * * * may not be later than 15 months * * * from the date of the decedent's death." Under section 20.6081-1(b), Estate Tax Regs., application for the extension of time to file the estate tax return must be made with the *586 Internal Revenue officer with whom the estate tax return is required to be filed, containing a full recital of the causes for the delay. Such application should be made before the expiration of the time within which the return otherwise must be filed, and where possible, sufficiently early to permit the officer to consider the matter and reply before what otherwise would be the due date of the return. Section 20.6081-1(c), Estate Tax Regs., requires the return, as complete as possible, to be filed before the expiration of the extension period granted. Pursuant to sections 6075(a) and 6081 and section 20.6081-1, Estate Tax Regs., the return for decedent's estate was due no later than the extended deadline of March 1, 1982. Therefore, decedent's estate tax return must have been filed no later than March 1, 1982, to constitute a timely filed return. The tax return for decedent's estate was received by respondent on March 26, 1982. Because the return was filed after the expiration of the extended deadline, it constitutes an untimely filed return. Petitioner's second request for "Extension of Time to File" the return, filed 1 day before the expiration of the extended deadline, *587 does not change the outcome here. At the time of filing the second Form 4768 petitioner was, or should have been, aware that the return was due the next day. Furthermore, petitioner should have known that the second request for "Extension of Time to File" the return must be filed sufficiently early to permit respondent's officer enough time to consider the request, and reply before the expiration of the due date of March 1, 1982. To act in any way contrary to this creates the risk of having the return filed after the expiration of the extended deadline and after the denial of the pending second application. Petitioner, having filed the return 25 days after the expiration of the extended deadline, and in the absence of a second extension of the due date, assumed the risks of untimely filing the return. In the instant case these risks became a reality. Petitioner must accept the consequences of its act. Petitioner contends that respondent's denial of section 2032A special use valuation in this case frustrates the express intent of Congress in enacting this legislation. Petitioner correctly points out that the legislation was enacted to provide relief to family-owned and operated *588 farms (as well asother closely held businesses) from the possible liquidation of the operations to pay Federal estate tax. Should we find for respondent on this issue the tax relief Congress sought to provide through the enactment of section 2032A would not be available to petitioner. While we sympathize with petitioner for the unfortunate consequences that may befall it, we must enforce the law as written. To obtain the benefits afforded under section 2032A petitioner must demonstrate that it satisfies all the statutory requirements. Weible v. United States,244 F.2d 158 (9th Cir. 1957). Section 2032A, as in effect during 1980, required, among other things, that the election to use section 2032A special use valuation be made on a timely filed return. See sec. 2032A(d)(1); sec. 20.2032A-8(a)(1) and (3), Estate Tax Regs. Although petitioner has failed to satisfy this requirement, it contends that the elimination of the timely filed return requirement under the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, reflects the intent of Congress. Further, *589 petitioner contends that Congress attempted to insure special use valuation to closely held businesses and family conducted farming operations without the timely filing requirement. We are aware of the elimination of the timely filed return requirement but must point out that this amendment applies only to the estates of decedents dying after December 31, 1981. [5] Petitioner, therefore, does not qualify for relief under this amendment. See Estate of Johnson v. Commissioner,89 T.C. 127, 130 (1987). Respondent, pursuant to section 6651(a)(1), determined a late filing addition of $ 103,158 against petitioner. Section 6651(a)(1)[6] provides for an addition to tax in the amount of 5 percent of the tax required to be shown on the return for each month (or part thereof) during which the failure to file the return continues, but not to exceed 25 percent in the aggregate. See sec. 301.6651-1(a)(1), Proced. & Admin. Regs. The addition can be avoided, however, if the taxpayer *590 establishes that the failure to timely file was due to reasonable cause and not due to willful neglect. Here respondent has conceded that the delinquency was not due to willful neglect. [7] Consequently, we must determine whether reasonable cause existed for petitioner's failure to timely file decedent's estate tax return. Petitioner bears the burden of proof. Rule 142(a). *591 Whether reasonable cause existed for petitioner's failure to meet the due date for decedent's estate tax return is a question of fact to be determined from all surrounding facts and circumstances. Estate of DiRezza v. Commissioner,78 T.C. 19, 33 (1982); Fleming v. United States,648 F.2d 1122, 1124 (7th Cir. 1981); Ferrando v. United States,245 F.2d 582, 587 (9th Cir. 1957). A taxpayer has reasonable cause for delay if he exercises ordinary business care and prudence and nevertheless is unable to meet the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. A personal representative of an estate has a positive duty to ascertain the nature of his or her responsibilities as the fiduciary of the estate. This duty is not satisfactorily discharged by delegating the entire responsibility for filing the estate tax return to the attorney or accountant of the estate. United States v. Boyle,469 U.S. 241, 251 (1985); Estate of Lammerts v. Commissioner,54 T.C. 420, 446 (1970), *592 affd. per curiam on this issue 456 F.2d 681, 683 (2d Cir. 1972); Ferrando v. United States, supra, at 589. Mere reliance on a delegate to timely file the return is not enough to establish the exercise of ordinary business care. United States v. Boyle, supra at 250. The personal representative must, at a minimum, ascertain the due date of the return and take appropriate steps to insure that the delegate acts diligently to fulfill the filing obligation. Estate of DiRezza v. Commissioner, supra at 33-34; Estate of Rapelje v. Commissioner,73 T.C. 82, 89 (1979), disapproved on another issue in Estate of Young v. Commissioner,81 T.C. 879, 888-889 (1983). Inexperience in handling the administration of an estate does not excuse the personal representative from failing to discharge these duties. See Estate of DiRezza v. Commissioner, supra at 33. Petitioner contends that the late filing addition should not be assessed in this case because Richard relied on the advice of his attorney and certified public accountant who informed him that a second 6-month extension of *593 the filing deadline could be obtained. Richard's reliance on his attorney and accountant to timely file the estate tax return does not constitute "reasonable cause" for purposes of a late filing under section 6651(a)(1). Richard merely delegated to his professional advisors his duty to ascertain the due date of the return and to ensure that the return was filed on or before that date. Such reliance does not establish the exercise of ordinary business care. United States v. Boyle, supra at 241-250. We are aware of the fact that Richard's agents erroneously advised him that a second extension could be obtained. Such advice, however, does not qualify as advice of counsel concerning a question of law. [8] This is merely another variation of the personal representative delegating his duty to ascertain the due date for a tax return and to ensure that the return is filed on or before such due date to his professional advisors. Because of Richard's reliance on his agents he believed that a second extension could be obtained. He was confident that his accountant would take care of securing a second "Extension of Time to File" the return and timely file such return. *594 Richard did not know that his accountant, without any confirmation from respondent that a second extension would be granted, had applied for the second extension only 1 day prior to the expiration of the extended deadline, and had filed the return 25 days after the expiration of the extended deadline. Richard contends that he was diligent in his duties as Executor of decedent's estate and kept frequent contact with his tax advisors, inquiring from time to time about the filing of the return. The Executor's diligence in his duties with respect to cooperating fully with his agents may resolve the matter as between them but does not fulfill Executor's obligation under the *595 statute. Accordingly, we hold that petitioner is liable for the late filing addition to tax under section 6651(a)(1). Because of concessions entered into by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the period in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Fair market value is defined as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts." Sec. 20.2031-1(b), Estate Tax Regs. See also sec. 1.170A-1(c)(2), Income Tax Regs.↩; sec. 25.2512-1, Gift Tax Regs. Fair market value is determined on the highest and best use to which the property can be put, without consideration for the actual use of the property. 3. Because valuation of property on the basis of highest and best use, rather than actual use, can lead to substantially higher estate taxes and thereby discourage the continuation of farming, or other closely held business activities, Congress enacted sec. 2032A as part of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, as a relief provision. Under sec. 2032A special use valuation the farming or other closely held business operations can be continued by the decedent's family without the threat of sale to pay high estate taxes. See H. Rept. No. 94-1380 (1976), 1976-3 C.B. 735↩, 755-756. 4. Sec. 2032A requires that: (1) The decedent was a citizen or a resident of the United States at the date of death; (2) the real property to be specially valued is located in the United States; (3) such property represents 50 percent or more of the adjusted value of the gross estate; (4) the property was being used for a qualified purpose at the decedent's death (defined as use as a farm for farming purposes or use in a trade or business other than for farming purposes); (5) the property has passed to a member of the decedent's family who qualifies under sec. 2032A; (6) 25 percent or more of the adjusted value of the gross estate consists of the property that was used for a qualified purpose by the decedent or his family for 5 of the 8 years preceding the decedent's death; and (7) there was material participation by the decedent or a member of his family in the operation of the farm or other business. Sec. 2032A(b); Estate of Clinard v. Commissioner,86 T.C. 1180, 1184↩ (1986). 5. Sec. 421(j)(3) and (k)(1), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 313. ↩
6. Section 6651(a)(1) provides, in pertinent part, as follows: (a) Addition to the Tax. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 (other than part 111 thereof), subchapter A of chapter 51 * * * or of subchapter A of chapter 52 * * * or of subchapter A of chapter 53 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
7. Respondent has not raised the issue of willful neglect in the pleadings or on brief. We conclude, therefore, that he has conceded this case. ↩
8. The Supreme Court of the United States has stated that in situations where the taxpayer relies on the erroneous opinion of a tax adviser with respect to a question of law, "reasonable cause" for failure to file may be found. See United States v. Boyle,469 U.S. 241, 250 (1985); Commissioner v. Lane-Wells Co.,321 U.S. 219↩ (1944) (remanded for determination whether failure to file return was due reasonable cause, when taxpayer was advised that filing was not required).